BOOTH, Judge.
This cause is before us on appeal from summary final judgment entered by the trial court based on the statute of limitations and the immunity provisions of the Workers’ Compensation Act.
Michael A. Cliffin, personal representative of the estate of his deceased wife, Sarah L. Cliffin, filed suit for wrongful death on behalf of himself, the surviving minor child, and the decedent’s estate on *30 January 14, 1983. The action was based upon an incident which occurred on January 15, 1979, at the North Florida Evaluation and Treatment Center (NFETC) of the Florida Department of Health and Rehabilitative Services (HRS) facility located in Gainesville, Florida, where Sarah Cliffin, a custodial employee of NFETC, was assigned to work in the Mentally Disordered Sex Offender Unit (MDSO Unit). While working that day, she was physically attacked, murdered, and sexually assaulted by a resident of the MDSO Unit.
The defendants in the wrongful death action were: State/Department of Health and Rehabilitative Services (HRS); Michael D. Stockton, Director of the MDSO Unit; Thomas B. Reed, Administrator of NFETC; and William H. McClure, Jr., the District Administrator of HRS, District III, where NFETC is located.
The trial court, in entering summary judgment, found that, as to HRS, the exlu-sive remedy provisions of Chapter 440 (Workers’ Compensation Law) “immunized this Defendant as the alleged employer of the decedent against this civil action.” It was admitted that the decedent was an employee of the State, that she was killed while in the course and scope of her employment, and that appellant had filed claim for and was receiving workers’ compensation benefits. This part of the trial court’s order is not contested on appeal.
Summary judgment was entered in favor of the individual defendants based on the court’s ruling that the complaint was filed beyond the two-year statutory period provided in Section 95.11, Florida Statutes (1977), and that the four-year statute of limitations set forth in Section 768.28(11), Florida Statutes (1977), did not apply to the individual defendants. Additionally, the court found that the three individual defendants, as supervisors, were immune from suit by virtue of the exclusive remedy provisions of Chapter 440 because the complaint did not “allege any affirmative act of negligence going beyond the scope of the employer’s non-delegable duty.” [1]
Where, as here, the State agency is immune from suit for injuries or death of a State employee incurred in the course of employment, plaintiff may not claim the benefit of the four-year statute of limitations found in Section 768.28 as to parties remaining in the case. The causes of action against individual defendants must meet the requirements of Section 95.11. Subsection 11 of Section 768.28, which provides for the four-year statute of limitations, does not by its terms refer to an officer, employee, or agent of the State, and cannot be extended to include those individuals.
We also affirm the trial court’s second holding, which grants summary judg- ■ ment due to the failure of the complaint to allege affirmative acts of negligence going beyond the scope of the employer’s non-del-egable duty. Although that concept is subject to interpretation and may, in a particular case, involve questions of fact for the jury, no material issues of fact were presented here which would preclude entry of summary judgment on this ground. Clark v. Better Construction Company, Inc., 420 So.2d 929 (Fla. 3d DCA 1982); Dessert v. Electric Mutual Liability In *31 surance Company, 392 So.2d 340 (Fla. 5th DCA 1981).
ERVIN, C.J., and WENTWORTH, J., concur.

. Trial court’s order, in pertinent part:
2. The Motions for Summary Judgment filed by and on behalf of the Defendants MICHAEL D. STOCKTON, THOMAS B. REED, and WILLIAM H. McCLURE, JR., be and the same are hereby granted on the following grounds:
a. This action is barred by the applicable statute of limitations. The Court holds that the four year limitations provision contained in Section 768.28 Florida Statutes applies only to claims against the State, or its agencies or subdivisions. Claims for damages against the individual employees are governed by Section 95.11 Florida Statutes (1977). Since this action was commenced more than two years from the date of the alleged injury, this action against the individual employees is barred.
' b. The Complaint alleges acts of supervisory negligence by the individual employees, and fails to allege any affirmative act of negligence going beyond the scope of the employer's nondelegable duty. The individual employees accordingly are immune from suit by virtue of the exclusive remedy provisions of Chapter 440 Florida Statutes.