485 So.2d 893 (1986)
Michael SULLIVAN, Individually and As Personal Representative of the Estate of Suzanne Sullivan, His Deceased Wife, Appellant/Cross Appellee,
v.
Donald STREETER and Edward E. Melcher, Appellees/Cross Appellants.
Nos. 85-241, 85-883.
District Court of Appeal of Florida, Fourth District.
April 2, 1986.
Talbot D'Alemberte, of Talbot D'Alemberte, P.A., Tallahassee, Judith M. Korchin, *894 James P. Murray and Peter Kramer, of Steel Hector & Davis, Miami, for appellant/cross appellee.
Rex Conrad and Valerie Shea, of Conrad, Scherer & James, Fort Lauderdale, for appellees/cross appellants.
FEDER, RICHARD YALE, Associate Judge.
This is the second appellate visit of a claim for the death of Suzanne Sullivan.[1] The first case affirmed a Summary Judgment for the Employer of the deceased Employee. This Court held that the worker's compensation law immunized the employer from suit for breaches of sufficient security of the workplace. It is those same breaches which are the basis for the within suit against the President (and Chairman of the Board) as well as the Senior Vice-President of the employer. The lower Court granted a Summary Judgment to the individual officers and this appeal resulted.
The point on appeal is whether Section 440.11(1), Florida Statutes (1983) provides similar immunity to the appellee-officers as it did for the employer. The Statute provides:
The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross... . negligence when such acts result in injury or death or such acts proximately cause such injury or death, nor shall such immunities be applicable to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment. (Emphasis added).
The question is whether what the statute gives with the first sentence is taken away by the second and, if so, whether the facts of the within case fit within the exceptions of the second sentence or the general rule of the first.
Prior to the enactment of the above section, there was no statutory right of action by an employee against a co-employee. There was only the common law right to sue any third party tortfeasor, including co-workers. See Frantz v. McBee Company, 77 So.2d 796 (Fla. 1955). The next evolutionary step concerned co-employees who were also supervisors or executives.
A corporation can only act through its executive or supervisors and thus common sense would seem to indicate the actions of the supervisor, as actions of the corporation, are equally immune. However, where the supervisor committed some affirmative act going beyond mere execution of the employer's nondelegable duty to provide a safe place to work, then a cause of action was permitted. See West v. Jessup, 339 So.2d 1136 (Fla.2d DCA 1982)
As stated in Dessert v. Electric Mutual Liability Insurance Company, 392 So.2d 340, 342 (Fla. 5th DCA 1981), which was quoting with approval from Lupovici v. Hunzinger Const. Co., 79 Wis.2d 491, 255 N.W.2d 590 (1977):
If the officer or supervisor is to be personally liable, it is because of some affirmative act of the officer supervisor which increased the risk of injury to the employee.
... .
The rationale of the decision is that the supervisor is personally liable if, as a co-employee, he increases the risk of injury to the employee, that is he breaches his duty of exercising ordinary care which he owes to the injured party.
For the officer or supervisor to be responsible, under the pre-statutory changes, *895 some affirmative act was required above and beyond a failure to provide a safe place to work. See Cliffin v. State Department of Health and Rehabilitation Services, 458 So.2d 29 (Fla. 1st DCA 1984). The legislature is presumed to have some objective in mind when they amend a Statute. Sunshine State News Company v. State, 121 So.2d 705 (Fla. 3rd DCA 1960).
Today's headlines of Love Canal, Three Mile Island, Bhopal and similar catastrophic incidents bespeak the necessity for individual, as well as corporate, responsibility. The legislature, in its wisdom, spoke clearly and plainly of its intention to either grant or withhold immunity based upon the actions of the employee. The legislature expressly withheld immunity for acts of gross negligence, etc., committed by another "employee."
No restriction was provided by the Legislature that would limit its effect to non-officers or non-executives. Certainly, by definition, a Chief Executive Officer of a corporation is as much an "employee" as the newest stock clerk. This is a fact of today's economic life which is within the common understanding of the average layman and of all ex-Chief executive officers (See Florida Power Corporation v. Barron, 481 So.2d 1309 (Fla.2d DCA 1986). The only difference separating them is in the location of the decimal point on their wage  and possibly the presence or absence of a key to the Executive wash room.
The record below indicates clear allegations that either or both of the defendants' officers acted with gross negligence. A short summary is appropriate to indicate what the plaintiff alleges can be established at trial.
The deceased was the branch manager of an Atlantic Federal Savings in Davie. When originally opened, the branch had an armed security guard in place. The guard was later withdrawn by the defendants, despite employee protest. On October 13, 1981, the first armed robbery occurred at the Davie branch, followed by the second such robbery on June 1, 1982. All employees at the branch were women of the ages of 18 to 28. The deceased was individually threatened with death by the robber, who had not been caught and was still at large. The decision to refuse security guards was based solely on economic grounds. The defendants annually certified that the Bank's security program equalled or exceeded the standards of the Bank Protection Act of 1968. They further certified that they had provided appropriate security devices after being advised by Law Enforcement Officers. No such advice had ever been sought or obtained, nor did the defendants comply with the requirements of the Security Manual they themselves had written. Defendants were aware that the Davie branch was vulnerable to armed robbery, that armed robbers were even more aware of the vulnerability, and that lightning (in the guise of armed robbery) does indeed strike twice or thrice.
As stated by Judge Gunther, in her wellreasoned opinion upholding the second amended complaint:
"In order to state a cause of action for gross negligence against defendant, Streeter, as permitted by the exception to Section 440.11 Florida Statutes, the Second Amended Complaint ... must allege ultimate facts which show: (1) a composite of circumstances which, together constitute a clear and present danger; (2) an awareness of such danger and (3) a conscious, voluntary act or omission in the face thereof which is likely to result in injury. Glaab v. Caudill, 238 236 So.2d 180, 185 (Fla. 2d DCA 1970). The aforesaid ultimate facts allege by Plaintiff satisfy these requisites and therefore a cause of action is stated ... See also Burk Royalty Company v Walls 616 S.W.2d 911 (S.Ct.Tex 1981), interpreting the Texas Workmen's Compensation statute which allows exemplary damages against the employer who is grossly negligent in failing to provide a save place to work." Sullivan v Atlantic Federal Savings & Loan Association 3 Fla. Supp.2d 101, 106, (Fla. 17th Cir Ct, 1983)
Clearly, sufficient facts have been pled and raised by the depositions in the record *896 to establish material questions of fact as to gross negligence negating a Summary Judgment.
This issue of responsibility of corporation officers was presciently raised by Judge Letts in his footnote 3 in Fisher v. Shenandoah General Construction Co. 472 So.2d 871, 873 (Fla. 4th DCA, 1985)[2]. Since it is obviously an issue of great public importance which will affect more and more cases, we certify to the Florida Supreme Court the following question:
DOES SECTION 440.11(1), FLORIDA STATUTES (1983) PERMIT SUITS AGAINST CORPORATE EMPLOYER OFFICERS, EXECUTIVES AND SUPERVISORS AS "EMPLOYEES" FOR ACTS OF GROSS NEGLIGENCE IN FAILING TO PROVIDE A REASONABLY SAFE PLACE IN WHICH OTHER EMPLOYEES MAY WORK?
FOR THE ABOVE REASONS THE MATTER IS REVERSED AND REMANDED.
ANSTEAD and LETTS, JJ., concur.
NOTES
[1] See Sullivan v. Atlantic Federal Savings and Loan Association, 454 So.2d 52 (Fla. 4th DCA 1984), pet for rev. denied 461 So.2d 116 (Fla. 1985).
[2] "[W]e hope the Supreme Court will also address the question of whether resourceful lawyers can circumvent the Statute by simply alleging intentional torts against the employer's officers as individuals."