495 So.2d 231 (1986)
Donald KAPLAN and John Kaplan, Petitioners,
v.
The CIRCUIT COURT OF the TENTH JUDICIAL CIRCUIT FOR POLK COUNTY, Florida; the Honorable Dennis P. Maloney; Scott Randall Stanlick and Laura L. Stanlick, Respondents.
No. 86-1425.
District Court of Appeal of Florida, Second District.
September 24, 1986.
Steven D. Merryday, Michael A. Fogarty and Joseph H. Varner, III, of Glenn, Rasmussen, Fogarty, Merryday & Russo, Tampa, for petitioners.
Joel S. Perwin of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, Miami and Wagner, Cunningham, Vaughan & McLaughlin, Tampa, for respondents.
*232 PER CURIAM.
Scott Stanlick, joined by his wife, brought suit against his employer, Kaplan Industries, Inc., for injuries suffered in an accident which resulted when he fell asleep while driving a Kaplan truck. The complaint joined as defendants, Donald and John Kaplan, as directors and officers and the major stockholders of Kaplan Industries, Inc., alleging that they were guilty of "willful and wanton misconduct which directly and proximately caused the plaintiff's injury." More specifically, the complaint alleged, inter alia:
6) That such accident and injury occurred as the direct and proximate result of the Plaintiff being required to work excessively long hours in direct violation of Federal law regarding the times when he was allowed to drive trucks over the road under the rules of the Interstate Commerce Commission.
7) That the Defendants, DONALD KAPLAN and JOHN KAPLAN, for a number of months prior to the above incident willfully, intentionally and regularly required their drivers for KAPLAN INDUSTRIES, INC. to operate the trucks in violation of Federal law, required the drivers to falsify their driving time, required the drivers to drive when they were tired and ill, and requiring them thus to drive heavy over-the-road trucks under extremely dangerous circumstances.
All defendants filed motions to dismiss on the premise that since Stanlick acknowledged that he had collected workers' compensation benefits, he was barred by section 440.11(1), Florida Statutes (1981), from bringing this suit for his injuries. The trial court granted the motion to dismiss as to Kaplan Industries, Inc., but denied the motion to dismiss the Kaplans, individually. The Kaplans bring this petition for writ of prohibition on the ground that the trial court is without jurisdiction because the workers' compensation law provides the plaintiffs with an exclusive remedy against the Kaplans. Winn-Lovett Tampa, Inc. v. Murphree, 73 So.2d 287 (Fla. 1954); Old Republic Insurance Co. v. Whitworth, 442 So.2d 1078 (Fla. 3d DCA 1983).
It is undisputed that prior to the 1978 amendment of section 440.11(1), while an employee who was injured on the job could not sue his employer, he did have a right to sue a coemployee for negligence in causing his injuries. Frantz v. McBee Co., 77 So.2d 796 (Fla. 1955). The question then arose as to whether a corporate officer or supervisor was immune (like the employer) or could be sued (like a coemployee). In West v. Jessop, 339 So.2d 1136 (Fla. 2d DCA 1976), this court adopted the principle that corporate officers are immune from suit when they carry out the employer's nondelegable duty to provide employees with a safe place to work but are amenable to suit as coemployees when they commit an affirmative act of negligence which goes beyond the scope of providing employees with a safe place to work. This rule is based on the theory that since a corporate employer must necessarily conduct its business through its corporate officers, to permit in every case a suit against these officers would reduce the employer's workers' compensation suit immunity to a mere theoretical protection. The principle has been adopted in subsequent cases and extended to apply to supervisors who are not corporate officers. See Cliffin v. State, Department of Health & Rehabilitative Services, 458 So.2d 29 (Fla. 1st DCA 1984); Albert v. Salemi, 431 So.2d 345 (Fla. 2d DCA 1983); Clark v. Better Construction Co., 420 So.2d 929 (Fla. 3d DCA 1982); Chorak v. Naughton, 409 So.2d 35 (Fla. 3d DCA 1982); Dessert v. Electric Mutual Liability Insurance Co., 392 So.2d 340 (Fla. 5th DCA), pet. for review denied, 399 So.2d 1141 (Fla. 1981); and Zurich Insurance Co. v. Scofi, 366 So.2d 1193 (Fla. 2d DCA), cert. denied, 378 So.2d 348 (Fla. 1979).
Respondents first argue that if the amendment did not change the liability of corporate officers, the trial judge was nevertheless correct in denying the motion to dismiss because even under the preamendment standard there was potential corporate officer liability on the facts alleged *233 in the complaint. It is claimed that some of the acts of the Kaplans alleged in the complaint were affirmative acts, and that the focus in the cases cited above was upon the affirmative nature of the alleged misconduct and not whether the conduct was related to the duty to provide a safe work place. We disagree and conclude that a fair reading of the language and factual holdings of those cases demonstrate that before recovery is permitted, there must be both an affirmative act of negligence and one which is outside the scope of the employer's duty to provide a safe place to work.
The second point urged by respondents is more troublesome. In 1978, section 440.11 was amended by the addition of the following language:
The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death, nor shall such immunities be applicable to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment.
It is clear that the 1978 amendment changes the law by extending the employer's immunity from liability to coemployees unless such employees act with gross negligence or a higher degree of misconduct. The question raised in this petition is whether the amendment, by its language, also took away the immunity of corporate officers or supervisors for gross negligence or willful and wanton misconduct in providing a reasonably safe place for employees to work. While some of the cases cited above postdated the 1978 amendment, the only decision expressly discussing the effect of the amendment on this issue is Sullivan v. Streeter, 485 So.2d 893 (Fla. 4th DCA 1986). There, the court held that the amendment took away the immunity of corporate officers because there was no restriction in the amendment that would limit its effect to nonofficers or nonexecutives. The court reasoned in Sullivan that "certainly, by definition, a Chief Executive Officer of a corporation is as much an `employee' as the newest stock clerk." Id. at 895. Therefore, it follows under the Sullivan rationale that when the amendment refers to employees, it is also referring to corporate officers in all their functions.
We respectfully disagree with the conclusion reached in Sullivan. The basis for the decisions granting workers' compensation immunity to corporate officers under certain circumstances before the amendment is that the corporate officers under those circumstances do not occupy the position of a coemployee. The amendment to the Workers' Compensation Law merely gave coemployees some immunity in workers' compensation situations. It did not affect the prior case law defining which persons would be treated as coemployees. Put another way, the real basis of Sullivan is a changed judicial definition of coemployees (now including corporate officers in their supervising capacities). Although Sullivan is purportedly based on the amendment to the Workers' Compensation Law which defines and changes the liability of a coemployee, the amendment does not change the definition of a coemployee. The reasons for not treating corporate officers and supervisors as coemployees discussed in the cases cited above other than Sullivan are still valid and we see no reason to depart from those cases.
The Kaplans, in their capacity as corporate officers and supervisors, were immune from suit under the circumstances alleged here where the plaintiffs collected workers' compensation benefits. Pursuant to article *234 V, section 3(b)(4) of the Florida Constitution, we certify that our decision is in direct conflict with Sullivan.
The petition for writ of prohibition is hereby granted.
GRIMES, A.C.J., and SCHOONOVER and FRANK, JJ., concur.