509 So.2d 268 (1987)
Donald STREETER and Edward E. Melcher, Petitioners,
v.
Michael SULLIVAN, Individually and As Personal Representative of the Estate of Suzanne Sullivan, His Deceased Wife, Respondent.
Scott Randall STANLICK, et al, Petitioners,
v.
Donald KAPLAN and John Kaplan, Respondents.
Nos. 68697, 69559.
Supreme Court of Florida.
May 21, 1987.
Rehearing Denied July 30, 1987.
*269 Rex Conrad and Valerie Shea of Conrad, Scherer & James, Fort Lauderdale, for Donald Streeter and Edward E. Melcher.
Joel S. Perwin of Podhurst, Orseck, Parks, Jowefsberg, Eaton, Meadow & Olin, P.A., Miami and the Law Offices of Wagner, Cunningham, Vaughan & McLaughlin, Tampa, for Scott Randall Stanlick et al.
Judith M. Korchin of Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, Miami, and Talbot D'Alemberte of Talbot D'Alemberte, P.A., Tallahassee, for Michael Sullivan.
Steven D. Merryday, Michael A. Fogarty and Joseph H. Varner, III of Glenn, Rasmussen, Fogarty, Merryday & Russo, Tampa, for Donald Kaplan and John Kaplan.
Leslie King O'Neal and Larry P. Studer of Markel, McDonough & O'Neal, Orlando, for Florida Defense Lawyers Ass'n, amicus curiae.
Alan E. McMichael of Stripling & Denson, Gainesville and C. Rufus Pennington, III of Margol, Freyfield & Pennington, Jacksonville, for The Academy of Florida Trial Lawyers, amicus curiae.
KOGAN, Justice.
The Fourth District Court of Appeal has certified the following question as being one of great public importance:
DOES SECTION 440.11(1), FLORIDA STATUTES (1983) PERMIT SUITS AGAINST CORPORATE EMPLOYER OFFICERS, EXECUTIVES, AND SUPERVISORS AS "EMPLOYEES" FOR ACTS OF GROSS NEGLIGENCE IN FAILING TO PROVIDE A REASONABLY SAFE PLACE IN WHICH OTHER EMPLOYEES MAY WORK?
Sullivan v. Streeter, 485 So.2d 893, 896 (Fla. 4th DCA 1986). The Second District Court of Appeal, in Kaplan v. Circuit Court of the Tenth Judicial Circuit, 495 So.2d 231 (Fla. 2d DCA 1986), certified express conflict between that court's decision and the Fourth District's decision in Sullivan. This Court has jurisdiction pursuant to article V, sections 3(b)(3), (4) of the Florida Constitution. We answer the certified question in the affirmative, and accordingly approve the decision of the Fourth District and quash the decision of the Second District and remand that case for further proceedings consistent with this opinion.

Streeter
Suzanne Sullivan was employed as a branch manager of the Davie branch of Atlantic Federal Savings and Loan (Atlantic). In 1981 Atlantic, through Streeter and Melcher, made the economic decision to remove the armed guard from the Davie branch, despite persistent requests from the employees of that branch to maintain the guard. The Davie branch was robbed once in the fall of 1981 and again in June of 1982. Throughout this period the Davie branch employees stepped up their requests to Streeter and Melcher to reassign the armed guard to the branch.
During the June, 1982 robbery, the perpetrator threatened Suzanne Sullivan's life. In July of 1982 the same man returned to the Davie branch and killed Suzanne Sullivan.
Mark Sullivan, Suzanne's husband, brought suit against Atlantic, as well as Streeter and Melcher, alleging that the defendants had acted with gross negligence in failing to provide adequate security, and that this failure proximately caused Suzanne's death. The trial court granted all defendant's motions for summary judgment and Sullivan appealed. The Fourth District affirmed the summary judgment as to Atlantic, but reversed as to Streeter and Melcher, holding that section 440.11(1) expressly imposes liability upon grossly negligent employees. The court stated that corporate officers are "employees" under the statute, and certified the above-styled question to this Court.

Stanlick
Stanlick, a truck driver for Kaplan Industries, was injured when he fell asleep while *270 driving Kaplan's truck. Stanlick brought an action against Kaplan Industries, and Donald and John Kaplan, individually. Stanlick alleged that the Kaplans required him to work excessively long hours in violation of federal law and that the Kaplans required Stanlick to falsify his driving records in order to evade detection by federal authorities. He thus alleged that the Kaplans were guilty of willful and wanton misconduct resulting in foreseeable injury to Stanlick.
The trial court granted Kaplan Industries' motion to dismiss, but denied the Kaplan brothers' similar motion. The Kaplans petitioned the Second District for a writ of prohibition on the ground that the trial court lacked jurisdiction to hear Stanlick's complaint. The court granted the writ, holding that corporate officers are not employees; rather they are employers entitled to the immunity under section 440.11(1). The court certified that its decision was in express conflict with Sullivan.[1]
The liability or immunity of all defendants rests upon our interpretation of section 440.11(1), Florida Statutes (1981).[2] That statute grants immunity to employers and employees for simple negligence but imposes liability on employees who act with gross negligence with respect to their fellow employees. The statute reads:
The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death, nor shall such immunities be applicable to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment (emphasis added).
We believe the emphasized portion of the statute to be an unambiguous statement of the legislature's desire to impose liability on all employees who act with gross negligence with respect to their fellow employees, regardless of the grossly negligent employee's corporate status.
The defendants request this Court to define the term "employee," for the purposes of this statute, to exclude corporate officers who are performing the employer's nondelegable duty to maintain a safe work-place. In defining the term "employee," as used in section 440.11(1), we turn to the definitional section of the Worker's Compensation Act, section 440.02. That statute reads, in pertinent part:
When used in this chapter, unless the context clearly requires otherwise, the following terms shall have the following meanings:
... .
(2)(b) The term "employee" includes any person who is an officer of a corporation and who performs services for renumeration for such corporation within this state, whether or not such services are continuous.
We believe that the plain language of this statute definitively brings corporate officers within the scope of the term "employee."
The defendants argue that a distinction be drawn between classes of employees. In support of their arguments, defendants rely primarily on their interpretation of the legislative intent behind the statute, as well as case law having roots that extend to a *271 period before the statute was significantly amended.[3]
The first argument espoused by the defendants is that in order to be liable to a fellow employee, a corporate officer must have committed some affirmative act going beyond the scope of the employer's nondelegable duty to provide a safe workplace. Kaplan v. Tenth Judicial Circuit, 495 So.2d 231 (Fla. 2d DCA 1986), West v. Jessop, 339 So.2d 1136 (Fla. 2d DCA 1976). Defendants argue that if any affirmative acts were committed in either of these cases they did not go beyond the employer's nondelegable duty to provide a safe place to work. On this basis, the defendants contend that for purposes of providing a safe workplace, the corporate officer is not an employee, but rather an "alter-ego" of the employer, deserving the benefits of the employer's immunity. See Zurich Insurance Co. v. Scofi, 366 So.2d 1193 (Fla. 2d DCA), cert. denied, 378 So.2d 348 (Fla. 1979). To support these contentions, defendants rely on what they perceive is the legislative intent behind the statute.
Inquiry into legislative intent may begin only where the statute is ambiguous on its face. See State v. Egan, 287 So.2d 1, 4 (Fla. 1973). Were these provisions even slightly ambiguous, an examination of legislative history and statutory construction principles would be necessary. We believe, however, that the plain language of sections 440.01 and 440.11(1) precludes any further explanation of legislative intent. These statutes unambiguously impose liability on all employees for their gross negligence resulting in death or injury to their fellow employees. This imposition of liability is blind to corporate status. Nowhere does section 440.11(1) impose upon injured employees a requirement to show that the fellow employee has committed some affirmative act going beyond the scope of the employer's nondelegable duty to provide a safe place to work. We are not inclined to read such a requirement into the statute when it is plainly not there.
The affirmative act doctrine has its roots in cases interpreting section 440.11(1) before it was amended in 1978.[4] Those cases[5] did not have the benefit of the legislature's statement expressly imposing liability on grossly negligent employees who injure other employees. The basis of those opinions was legislatively abrogated by section 440.11(1). Thus, to the extent that those cases conflict with this opinion (as well as section 440.11(1), as amended), we disapprove of them.
Because of the unambiguous language used in the statute we will not here attempt to define any further legislative intent. The first rule of statutory interpretation is that "[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 1144, 137 So. 157, 159 (Fla. 1973). Accord, State v. Egan, 287 So.2d 1 (Fla. 1973). To attempt to discern the legislative intent when the language is so plain would be both unnecessary and futile. The statute herein serves as ample evidence of what the legislature intended.[6]
*272 The 1978 amendment to section 440.11(1) authorizes actions against all fellow employees for acts of gross negligence resulting in injury to other employees. To separate corporate officers from this rule requires a highly convoluted and logistically suspect construction of the statute. The defendants, at oral argument, contended that the term "fellow employee" is a term of art, applying solely to employees with whom the injured person work on an every day basis. Therefore, the defendants contend, the term "fellow employee" could only refer to nonsupervisory employees. We are equally disinclined to follow this line of reasoning. Again, we must stress that the plain language of section 440.11(1) fully precludes any such interpretation. By "fellow employees," the statute clearly is intended to include all employees, not just nonsupervisory employees.
The legislature has expressed the policy of this state to impose liability upon those employees who injure a co-employee by their grossly negligent behavior. This policy was plainly and unambiguously stated in section 440.11(1), and we are bound by it. We are further bound by the statutory definition of the term "employee," which includes with equal clarity corporate officers and supervisors. The context of section 440.11(1) does not clearly require any other definition of employee. As such, the statutory definition is controlling. It would be inappropriate for this Court to read any more into section 440.11(1) than what is plainly there.
Accordingly, we answer the certified question in the affirmative and approve the decision of the Fourth District Court of Appeal. Furthermore, we quash the decision of the Second District Court of Appeal, and remand that case back to the district court for proceedings consistent with this opinion.
It is so ordered.
EHRLICH and SHAW, JJ., and ADKINS, J. (Ret.), concur.
OVERTON, J., dissents with an opinion, in which McDONALD, C.J., concurs.
OVERTON, Justice, dissenting.
I dissent. The majority's interpretation of section 440.11(1), Florida Statutes (1983), was clearly not the intent of the legislature when it brought corporate officers, executives, and supervisors within the benefits of the worker's compensation act. The majority's decision will have a substantial economic impact, since it will provide employees a means to litigate a decision by corporate officers to reduce the work force by filing a civil action alleging that the decision is a grossly negligent act because it results in an unsafe work place. I fully agree with the decision of the Second District Court of Appeal in Kaplan v. Circuit Court of the Tenth Judicial Circuit, 495 So.2d 231 (Fla. 2d DCA 1986), and I would apply worker's compensation immunity to corporate officers for the reasons expressed in Kaplan.
The majority decision appears to require immediate legislative review.
McDONALD, C.J., concurs.
NOTES
[1] Streeter, Melcher (petitioners herein), and the Kaplans (respondents herein) will be referred to in this opinion as the defendants. Sullivan (respondent herein) and Stanlick (petitioner herein) will be referred to as the plaintiffs.
[2] While the Fourth District referred to the 1983 version of Florida Statutes in its certified question, we will be referring to Florida Statutes, 1981, because at the time the action arose, the 1983 version was not yet in effect. The two versions are identical.
[3] See note 4, infra.
[4] It has no roots in the common law, where a corporate officer was without doubt liable for gross negligence, and perhaps even simple negligence. See Frantz v. McBee Co., 77 So.2d 796 (Fla. 1955).
[5] See, e.g., Dessert v. Electric Mutual Liability Ins. Co., 392 So.2d 340 (Fla. 5th DCA), rev. denied, 399 So.2d 1141 (Fla. 1981); Zurich Ins. Co. v. Scofi, 366 So.2d 1193 (Fla. 2d DCA), cert. denied, 378 So.2d 348 (Fla. 1979); West v. Jessop, 339 So.2d 1136 (Fla. 2d DCA 1976). While some of the cases were decided after the 1978 amendment to section 440.11(1), their decisions are based on the affirmative act doctrine which was conceived prior to that amendment.
[6] Even were this Court to indulge itself with an examination of the legislative history of section 440.11(1) we would have considerable difficulty. As the defendants admit, there are no extrinsic statements of legislative intent with regard to the imposition of liability on employees who, through their gross negligence, injure another employee. Streeter's Brief on the Merits at 20.