ERVIN, Judge.
Deep South Products and Crawford & Company, the employer/carrier (E/C), appeal a workers’ compensation order awarding claimant temporary partial disability (TPD) and wage loss (WL) benefits, attendant care benefits, costs, and attorney’s fees. The E/C contends that the judge of compensation claims (JCC) erred in awarding claimant any benefits following his incarceration for driving while intoxicated (DUI), due to the operation of Section 440.-15(3)(b)(6), Florida Statutes (Supp.1990). We affirm all benefits awarded, except for one period of WL benefits which appears to contain a typographical error.
Appellee suffered a compensable injury on July 26, 1990. During the healing process, while he continued to receive temporary disability benefits from the employer, appellee was convicted of DUI under Chapter 316, Florida Statutes, and incarcerated from June 6, 1991 to August 12, 1991. Claimant was found to have reached maximum medical improvement as of August 23, 1991, with a permanent impairment. The E/C subsequently controverted claimant’s request for WL benefits under the authority of section 440.15(3)(b)(6),[1] which provides in part as follows:
The right to wage-loss benefits shall terminate if an employee is convicted of conduct punishable under s. 775.082 or s. 775.083 or is subjected to imprisonment under chapter 316 which directly affects the employee’s ability to perform the activities of his usual or other appropriate employment.
(Emphasis added.)
In rejecting the E/C’s argument that section 440.15(3)(b)(6) proscribes in perpetuity a claimant’s entitlement to WL benefits once he or she is jailed for an offense listed under chapter 316, the JCC concluded that the effect of the statute was only to suspend WL benefits for that period of time that the claimant was confined, and because the benefits awarded did not commence until August 26, 1991, after claimant’s release from jail, the statutory bar had no effect on his entitlement to same.
In arguing that the JCC erred in its construction of the statute, the E/C states that the language “shall terminate” is plain and unambiguous on its face, and, therefore, it was inappropriate for the JCC to place a limiting construction on the statute. See Streeter v. Sullivan, 509 So.2d 268, 271 (Fla.1987) (courts are precluded from inquiring into the legislative intent behind a statute which is unambiguous on its face). We might agree with appellant’s argument if the legislature had not included in section 440.15(3)(b)(6) the following language: “which directly affects the employee’s ability to perform the activities of his usual or other appropriate employment.” We conclude that the clear import *158 of this language is that before an employee’s right to WL benefits shall terminate as a result of confinement for DUI, a showing must be made that the imprisonment had a direct effect on “the employee’s ability to perform the activities of his usual’ or other appropriate employment.”
Obviously, during the period of time that claimant remained in custody, his ability to perform his usual or other appropriate employment was directly affected by such condition. Nevertheless, no contention has been made that claimant’s conviction for DUI has since affected his ability to perform his pre-injury work-related activity, i.e., assembly-line work. Nor is there any evidence disclosing that claimant’s subsequent job search was unsuccessful, because prospective employers refused to hire him due to his DUI conviction. If the E/C wishes to rely upon the statutory language of section 440.15(3)(b)(6), we consider that it has the burden of affirmatively showing that the confinement in fact affected the employee’s job performance once he was released. Because the E/C failed to satisfy this burden, we affirm as to this point.
We agree, however, with the E/C as to Issue II, that the JCC inadvertently awarded an overlap in benefits when he directed the E/C to pay WL benefits from August 23, 1991 through October 4, 1991, because the order had previously awarded benefits for the period from August 26, 1991 to September 6, 1991. Appellee concedes that the second period of benefits should encompass the period from September 23, 1991 to October 4, 1991. Consequently, we strike the second designated period pertaining to the award of WL benefits and direct the JCC to amend the order by providing for such benefits from September 23, 1991 to October 4, 1991. In all other respects the order is
AFFIRMED.
ZEHMER and BARFIELD, JJ., concur.

. Section 440.15(3)(b)(6) went into effect on July 1, 1990, and is therefore applicable to claimant’s injury. See Ch. 90-201, §§ 20 & 21, at 934 & 1042, Laws of Fla.