624 So.2d 333 (1993)
M.K. FOREMAN, Ralph Velocci and AL Casagrande, Appellants/Cross-Appellees,
v.
Donald W. RUSSO and Myeong Russo, His Wife, et al., Appellees/Cross-Appellants.
No. 92-0088.
District Court of Appeal of Florida, Fourth District.
September 8, 1993.
Rehearing and Certification Denied October 12, 1993.
*334 Gregory P. Borgognoni and Kenneth S. Klein of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Miami, for appellants/cross-appellees.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and Ed Middlebrooks and Gloria Seidule of Ferrero & Middlebrooks, P.A., Fort Lauderdale, for appellees/cross-appellants.
KLEIN, Judge.
Plaintiff was injured on the job and sued corporate officers of his employer, alleging they were grossly negligent and thus not entitled to workers' compensation immunity. The jury found three of the defendants grossly negligent, and they appeal arguing that their conduct did not amount to gross negligence. We affirm.
On October 16, 1987, plaintiff, a sanitation worker employed by Industrial Waste Service, Inc., was part of a team dispatched to make a bulk pickup of assorted trash items on Griffin Road in Broward County. The pickup included washing machines, small refrigerators, sofas, chairs, carpets, tires, automobile parts, and tree limbs. During the pickup, which took 30 to 45 minutes to complete, the sanitation truck was parked on the outside traffic lane of Griffin Road, a major six lane highway in Broward County. About 30 minutes into this pickup, Terry Lynn Cohen was traveling 47 to 50 miles per hour in the outside traffic lane on Griffin Road, where the speed limit was 40 miles per hour, when she approached the sanitation truck. Ms. Cohen applied her brakes when she realized that the sanitation truck was stationary, but her car crashed into the back of the truck and caused severe injuries to Donald Russo, including the loss of one of his legs.
Plaintiffs' complaint set forth the following gross negligence allegations against the corporate officers of his employer, which included appellants Al Casagrande, Ralph Velocci, and Michael Foreman:

*335 (a) Failing to provide adequate lights to garbage truck # 300, the truck involved in this accident, making collision with another car and subsequent injury substantially certain to occur.
(b) Removing lights from truck # 300.
(c) Adding a container attachment/winch system to the back of truck # 300 requiring lights to be removed or obstructing the view of lights already on the truck.
(d) Providing a uniform to be worn by plaintiff, RUSSO, that was the same color as truck # 300.
* * * * * *
(f) Failing to provide cones, flares or other warning devices to be placed at or around truck # 300 during garbage pickup stops on busy highways and streets.
* * * * * *
(h) Requiring Plaintiff, RUSSO, to make a known illegal trash pickup.
The jury found gross negligence on the part of appellants Casagrande, Velocci and Foreman, and also found the manufacturer of the truck liable. The manufacturer was subsequently dismissed, when the supreme court held that our legislature's repeal of our statute of repose was not necessarily its demise. Firestone Tire & Rubber Co. v. Acosta, 612 So.2d 1361 (Fla. 1992). The individual defendants argue there was no evidence of gross negligence and the trial court should have directed a verdict. We disagree.
Section 440.11(1), Florida Statutes (1987), provided that fellow-employees have the same workers' compensation immunity from liability as an employer except where there is "willful and wanton disregard or unprovoked physical aggression or ... gross negligence." Gross negligence "lies in the area between ordinary negligence and willful and wanton misconduct." Carraway v. Revell, 116 So.2d 16, 22 (Fla. 1959). In Sullivan v. Streeter, 485 So.2d 893, 895 (Fla. 4th DCA 1986), approved, 509 So.2d 268 (Fla. 1987), this court defined it as:
(1) a composite of circumstances which, together constitute a clear and present danger; (2) an awareness of such danger and (3) a conscious, voluntary act or omission in the face thereof which is likely to result in injury.
A probability that injury is more likely than not is not required for gross negligence. Glaab v. Caudill, 236 So.2d 180 (Fla. 2d DCA 1970); Courtney v. Florida Transformer, Inc., 549 So.2d 1061 (Fla. 1st DCA 1989).
This trash should not have been picked up in the first place because the items to be picked up were not properly secured or tied, which made the pickup take longer and increased the likelihood of an accident. The workers were instructed to pick it up anyway, to keep the customer happy, because the business is very competitive.
This pickup required the truck to be stopped for a period of 30 to 45 minutes in a traffic lane of Griffin Road, a major highway with a speed limit of 40 miles an hour. Section 316.301(7), Florida Statutes (1988), requires, when a truck of this size is stopped for more than 10 minutes on this type of highway, that two red flags or two red portable emergency deflectors be displayed approximately 100 feet to the rear of the vehicle. In this case there was nothing placed before this vehicle to warn oncoming motorists. Moreover, although the truck drivers had triangles, flares and flags, they had been instructed not to use them, unless the truck was disabled. On some pickups another employee would park a company car on the highway in order to divert oncoming motorists.
The garbage truck was green and so were the workers' uniforms which the employer supplied. The workers were not given safety vests or clothing which would have contrasted with the color of the truck. The lighting on the garbage truck did not comply with federal standards. Although strobe lights (recommended by experts) are not required by federal standards, they were used by this employer in other counties, but not in Broward County.
Defendants argue that if Ms. Cohen had not been going 47 to 50 miles an hour in a 40 mile an hour zone, this accident would not have happened. While that may be so, motorists exceeding the speed limit are certainly not unforeseeable.
*336 Viewing this evidence in a light most favorable to plaintiffs, and mindful that close questions as to whether the negligence is ordinary or gross are for the jury (Carraway and Courtney), we conclude that the trial court did not err in submitting this case to the jury.
Defendants argue in the alternative that an amendment to the workers' compensation statute, which was passed after this accident, gave supervisory employees immunity, even if they were grossly negligent, and that this amendment is applicable. They rely on the 1988 amendment to section 440.11(1) which provided that corporate officers, directors, or supervisors, etc., would have the same immunity as employers. Under the statute as it existed when this accident occurred, all co-employees, including supervisory ones, could be liable under the statute for gross negligence. Streeter v. Sullivan, 509 So.2d 268 (Fla. 1987).
We cannot agree with defendants' argument that the 1988 amendment is retroactive. In the absence of a clear legislative intent that a statute is retroactive, a statute is presumed prospective. State Department of Revenue v. Zuckerman-Vernon Corp., 354 So.2d 353 (Fla. 1977). Moreover, where the legislature includes a date on which a statute takes effect (as it did here in Chapter 88-284), any argument for retroactivity is dispelled. Id. at 358. Defendants' argument that the 1988 statute is an interpretation of the prior statute, and thus applicable, would have merit only if the meaning of the prior statute were in doubt. Gay v. Canada Dry Bottling Company of Florida, 59 So.2d 788 (Fla. 1952); State Department of Transportation v. Knowles, 402 So.2d 1155 (Fla. 1981). The statute, as it existed when this accident occurred, was not ambiguous. Streeter v. Sullivan, 509 So.2d 268 (Fla. 1987).
Defendants also argue that the trial court erred in not applying section 768.81, Florida Statutes (1987), which eliminates joint and several liability under certain circumstances. Defendants argue that because the jury found them to be 80% negligent, and the truck manufacturer (which is not liable because of the statute of repose) 20% negligent, the defendants should only be liable for 80% of plaintiffs' damages.
The problem with this argument is that under section 768.81(3), economic damages are still joint and several. It is only the non-economic damages in this case which would be affected by the statute. This verdict is not itemized. No one requested it. Since it cannot be determined how much of this verdict consisted of non-economic damages, we cannot fault the trial court for failing to apply a statute which only reduces non-economic damages. Appellants have not met their burden of demonstrating error. Odom v. Carney, 625 So.2d 850 (Fla. 4th DCA 1993); Barhoush v. Louis, 452 So.2d 1075 (Fla. 4th DCA 1984).
Affirmed.
GUNTHER and POLEN, JJ., concur.