664 So.2d 11 (1995)
Sarah SUBILEAU, individually and as Personal Representative of the Estate of Marcel Subileau, Appellant,
v.
SOUTHERN FORMING, INC., a Florida Corporation; Max South Construction, Inc., a Florida Corporation; Thomas Prieur; Rodney Hicks; John Michael Hicks and Charles Brown, jointly and severally, Appellees.
No. 94-2053.
District Court of Appeal of Florida, Third District.
November 1, 1995.
As Modified on Grant of Clarification December 13, 1995.
Andrew Hall, Miami, and William H. Strop, Miami Beach, for appellant.
Ponzoli, Wassenberg, and Sperkacz, and Ronald P. Ponzoli and John P. Keller, Miami, for appellees.
Before HUBBART, GODERICH and GREEN, JJ.
GREEN, Judge.
Sarah Subileau appeals an adverse final summary judgment rendered in favor of appellees after the trial court below concluded that her wrongful death claim is barred by the exclusivity provision of Florida's workers' compensation statute, section 440.11, Florida Statutes (1991). We affirm.
On January 27, 1992, Marcel Subileau, Sarah's late husband, fell to his death from an elevated construction site while working for the appellees, the managing personnel of his employer.[1] Sarah Subileau alleged that her husband was killed because appellees failed to provide him with protective guardrails or other safety devices. For purposes of their *12 motion for summary judgment, appellees conceded that, prior to Mr. Subileau's fall, they had been cited several times by the Occupational Safety and Health Administration (OSHA) for failing to provide guardrails and other safety devices. Appellees also conceded, for purposes of the motion, that they were aware of past injuries to employees caused by falls from elevated worksites. Nevertheless, appellees argue that as a matter of law, these facts do not suffice to overcome the § 440.11(1) bar to tort claims by an employee against his employer. We agree.
This accident and action is governed by a 1988 amendment to subsection 440.11(1), Florida Statutes. The new language provides that both employers and those in a managerial capacity are immune from suit for on-the-job injuries sustained by employees, unless the employer or manager's conduct amounts to criminal conduct punishable by more than 60 days imprisonment under the applicable criminal statute. Courts have construed the statute to only permit claims for (1) intentional acts "substantially certain" to injure a worker, or (2) acts of culpable negligence against a worker. See Eller v. Shova, 630 So.2d 537, 539-42 (Fla. 1993); Emergency One, Inc. v. Keffer, 652 So.2d 1233, 1235 (Fla. 1st DCA 1995); Ross v. Baker, 632 So.2d 224, 225-26 (Fla. 2d DCA 1994).
We accept, for purposes of review, that the appellees' neglect of workplace safety and resulting OSHA citations may be evidence of negligence or gross negligence. See Kline v. Rubio, 652 So.2d 964, 965 (Fla. 3d DCA 1995) (defining gross negligence), rev. denied, 660 So.2d 714 (Fla. 1995); Cadillac Fairview of Fla., Inc. v. Cespedes, 468 So.2d 417, 421 (Fla. 3d DCA 1985) (suggesting that OSHA violations could be used as evidence of duty, proximate cause, or industry custom). Nevertheless, we find that their negligence or gross negligence in this case does not rise to the level of culpable negligence, i.e., the kind of gross disregard for human life which could bring about criminal sanctions. See Ross, 632 So.2d at 226 (quoting Killingsworth v. State, 584 So.2d 647, 648 (Fla. 1st DCA 1991)).
Appellant's reliance on Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 1307 (Fla. 1991) is not persuasive. We find the employer's behavior in Connelly to be far more egregious in nature than the conduct of appellees in this case. In Connelly, the air carrier intentionally deceived members of its crew about the dangerous mechanical shortcomings of their aircraft. Construing section 440.11, Florida Statutes (1983), this Court concluded that Arrow's deliberate overloading of the aircraft, combined with its failure to repair it, was indeed "substantially certain" to cause a crash under § 440.11(1), Florida Statutes (1983). Id. at 451.
In the case at bar, although appellees did knowingly subject their employees to a dangerous work condition in not placing guardrails or other safety devices on the elevated worksites, we cannot conclude as in Connelly that resultant injuries or deaths were a substantial certainty. Further, unlike Connelly, we do not find the conduct of appellees to be intentionally harmful or deceptive in any way. The potential danger or hazard of working on these elevated worksites without guardrails or safety devices was known and obvious to the employees. Hence, we can only find that appellees' conduct in not securing these worksites amounted to only negligence and thus, section 440.11(1) would be a bar to this suit. Summary judgment was therefore proper. Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882 (Fla. 1986); Emergency One, 652 So.2d at 1235-36; Pinnacle Constr., Inc. v. Alderman, 639 So.2d 1061 (Fla. 3d DCA 1994); General Motors Acceptance Corp. v. David, 632 So.2d 123 (Fla. 1st DCA 1994), rev. dismissed, 639 So.2d 976 (Fla. 1994).
Affirmed.
NOTES
[1] Although the corporate employers were named in the style of this appeal, they were not actual parties to this appeal.