864 So.2d 11 (2003)
FLORIDA DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Angelo JULIANO, Appellee.
No. 98-267.
District Court of Appeal of Florida, Third District.
September 10, 2003.
*12 Vernis & Bowling of the Florida Keys, P.A. and Dirk M. Smits, for appellant.
Keyfetz, Asnis & Srebnick, P.A. and L. Barry Keyfetz, and Bradley D. Asnis, Miami, for appellee.
Before COPE, LEVY and GREEN, JJ.

ON MOTION FOR REHEARING
GREEN, J.
We deny the motion for rehearing, but withdraw our opinion dated September 11, 2002, and substitute the following in its stead.
Pursuant to the Florida Supreme Court's mandate in Florida Department of Transportation v. Juliano, 801 So.2d 101 (Fla.2001) ("Juliano III"), we must resolve the issues of whether culpable negligence is the proper standard of negligence under section 440.11(1), Florida Statutes (1997)[1]; *13 and whether the trial court erred in denying the Florida Department of Transportation's ("DOT") motion for summary judgment and/or directed verdictthereby disallowing DOT's workers' compensation immunity defense. We conclude that under the Workers' Compensation Law, DOT cannot be held liable in this case because there is an absence of evidence on which a jury could have found that DOT was culpably or criminally negligent. Accordingly, we reverse the judgment under review.[2]
This is the third appearance of this case before this court. Initially, DOT took an interlocutory appeal of the denial of its motion for summary judgment. DOT maintained that it was immune from suit because the "unrelated works" exception in the Workers' Compensation Law was inapplicable since Juliano had failed to identify any specific DOT employee as negligent in this case. Juliano responded that he was not required to identify the negligent "fellow employee" pursuant to Holmes County School Board v. Duffell, 651 So.2d 1176 (Fla.1995), and even if he was required to do so, his response to DOT's summary judgment motion which named two specific supervisors as negligent co-workers rendered the appeal moot. We per curiam affirmed the appeal with a citation to Holmes. See Fla. Dep't of Transp. v. Juliano, 664 So.2d 77 (Fla. 3d DCA 1995) ("Juliano I").
Upon remand, DOT filed a second motion for summary judgment, this time asserting that an employee could not sue a supervisor under the "unrelated works" exception unless the employee could prove that the supervisor's conduct rose to a level of culpable negligence. This motion was denied by the trial court as a mere relitigation of the first motion for summary judgment. The case proceeded to jury trial and a verdict was entered for Juliano.
DOT appealed the verdict and final judgment arguing, among other things, *14 that the trial court erred in denying its second motion for summary judgment. We held that DOT was foreclosed from relitigating the workers' compensation immunity defense based upon the doctrine of res judicata. See Juliano II, supra.
Upon review, our supreme court determined that this court "erred as a matter of law when it relied on the doctrine of res judicata to preclude DOT from raising any aspect of its workers' compensation defense on remand after the first appeal." Juliano III, 801 So.2d at 108. The court pointed out that:
Neither DOT's first summary judgment motion, the trial court's order denying the summary judgment motion, nor the issues raised or briefed by the parties on the first appeal addressed the appropriate standard of negligence applicable to supervisory employees who are sued under the "unrelated works" exception. The issue regarding the appropriate standard of negligence was not before the Third District when it affirmed the trial court's order denying summary judgment. Therefore, the matter of the appropriate standard of negligence was neither necessarily nor implicitly decided in the first interlocutory appeal.
Id. (citation and footnote omitted). The supreme court quashed Juliano II and remanded with instructions that we address the merits of the issue of whether Juliano was required to plead and prove culpable negligence, as opposed to simple negligence, against a supervisory employee engaged in "unrelated works" pursuant to section 440.11(1). See id. at 108 n. 7.
It is in response to this mandate that we now conclude that the higher standard of culpable negligence is the applicable standard. Thus, because the pleadings and record evidence established, at best, simple negligence, we find that the trial court erred in failing to grant DOT's second motion for summary judgment and/or a directed verdict on its workers' compensation immunity defense.
Under the Workers' Compensation Law, "workers' compensation is the exclusive remedy available to an injured employee as to any negligence on the part of that employee's employer." Eller v. Shova, 630 So.2d 537, 539 (Fla.1993). Thus, employers are immune from suits brought by their employees unless an employer "exhibit[s] a deliberate intent to injure or engage in conduct which is substantially certain to result in [the employee's] injury or death." Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882, 883 (Fla.1986). Historically, however, co-employees, including supervisors, officers, and executives of the employer, have not shared this same right to immunity.
Before 1978, an injured employee had the right to sue a co-employee for negligence in the workplace. See Frantz v. McBee Co., 77 So.2d 796, 800 (Fla.1955) (holding that a co-employee is a `third party tort-feasor' within the Workmen's Compensation Act, and that an employee whose negligence resulted in the death of a fellow employee could be held responsible). Corporate officers, however, were held to be immune from suit when they were carrying out an employer's duty to provide employees with a safe place to work, but could be sued as co-employees when they committed an affirmative act of negligence within the scope of their duties.[3]See West v. Jessop, 339 So.2d 1136, 1137 (Fla. 2d *15 DCA 1976) (holding that a corporate officer who negligently injures another employee through an affirmative act should be held personally responsible for his actions).[4]
In 1978, however, the legislature extended the immunity given to employers to coemployees unless the co-employee acted with gross negligence or a higher degree of misconduct.[5] Soon after, the question of whether this amendment eliminated the immunity of corporate officers or supervisors arose. Two cases considered this issue and arrived at conflicting conclusions. See Kaplan v. Cir. Ct. of 10th Jud. Cir. for Polk County, 495 So.2d 231, 233 (Fla. 2d DCA 1986) (holding that corporate officers are not employees, rather they are employers entitled to immunity under section 440.11(1)); Sullivan v. Streeter, 485 So.2d 893, 895 (Fla. 4th DCA 1986) (finding that corporate officers are employees and liable for gross negligence in failing to provide safe workplace). Both cases were certified to the Florida Supreme Court for resolution. The court in Streeter v. Sullivan, 509 So.2d 268, 271 (Fla.1987), held that section 440.11(1) imposed liability on all employees, including corporate officers, executives, and supervisors, who act with gross negligence toward their fellow employees.[6]
In response to Streeter, the 1988 legislature again amended section 440.11(1) to provide for, in the Florida Supreme Court's words,
heightened immunity to policymaking types of employees by raising the degree of negligence necessary to maintain a civil tort action against such employees from gross negligence to culpable negligence when those employees are engaged in managerial or policymaking decisions.
Eller, 630 So.2d at 541 (Fla.1993).[7]See also Subileau v. S. Forming, Inc., 664 So.2d 11, 12 (Fla. 3d DCA 1995) ("The new language [of section 440.11(1)] provides that both employers and those in a managerial capacity are immune from suit for on-the-job injuries sustained by employees, unless the employer or manager's conduct amounts to criminal conduct punishable by more than 60 days imprisonment under *16 the applicable criminal statute."). Specifically, the 1988 amendment to section 440.11(1) provides in relevant part that:
The same immunity provisions enjoyed by an employer shall also apply to any sole proprietor, partner, corporate officer or director, supervisor, or other person who in the course and scope of his duties acts in a managerial or policymaking capacity and the conduct which caused the alleged injury arose within the course and scope of said managerial or policymaking duties and was not a violation of a law, whether or not a violation was charged, for which the maximum penalty which may be imposed exceeds 60 days imprisonment as set forth in s. 775.082.
§ 440.11(1), Fla. Stat. (Supp.1988). Thus, pursuant to the plain language of this amendment, a supervisor is immune from suit unless it can be shown that the supervisor's negligence was tantamount to culpable negligence. See Emergency One, Inc. v. Keffer, 652 So.2d 1233, 1235 (Fla. 1st DCA 1995).
Juliano, however, argues that the heightened standard of negligence for officers or supervisors was not intended to apply to those supervisors who were involved with the employee in an "unrelated work." We disagree. The unrelated works exception to workers' compensation immunity permits an employee to file suit in simple negligence against fellow employees who "are assigned primarily to unrelated works."[8] This exception is to be narrowly construed. See Fitzgerald v. S. Broward Hosp. Dist., 840 So.2d 460, 462 (Fla. 4th DCA 2003) (stating that "[a]n expansive construction [of the `unrelated works' doctrine] would obliterate the legislative intent that the system operate at `a reasonable cost' to the employer."). Moreover, the plain language of section 440.11(1), applies to all managerial personnel, whether or not involved in unrelated works.[9] We find that the heightened standard of negligence given to managerial personnel is unrestricted and evinces a clear intent that supervisors acting in any managerial capacity be held to a culpable negligence standard.
Juliano neither pled nor proved that DOT's supervisors acted with culpable negligence. The evidence adduced during the trial below merely showed that the DOT supervisors were aware of the poor condition of the floor and that there were plans for its repair or replacement. Though perhaps more could, and should, have been done to remedy the hazardous condition before Juliano was injured, there was simply no evidence to show that the delay in repair was the result of culpable negligence. Thus, DOT was entitled to summary judgment or a directed verdict on its workers' compensation immunity defense. We therefore reverse the judgment under review with directions that judgment be entered in favor of DOT.
Reversed and remanded with directions.
NOTES
[1] Specifically, the statute provides that:

(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow employee, that the employee assumed the risk of the employment, or that the injury was due to the comparative negligence of the employee. The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death, nor shall such immunities be applicable to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment. The same immunity provisions enjoyed by an employer shall also apply to any sole proprietor, partner, corporate officer or director, supervisor, or other person who in the course and scope of his or her duties acts in a managerial or policymaking capacity and the conduct which caused the alleged injury arose within the course and scope of said managerial or policymaking duties and was not a violation of a law, whether or not a violation was charged, for which the maximum penalty which may be imposed does not exceed 60 days' imprisonment as set forth in s. 775.082. The immunity from liability provided in this subsection extends to county governments with respect to employees of county constitutional officers whose offices are funded by the board of county commissioners.
[2] The underlying facts of this case were set forth in Florida Department of Transportation v. Juliano, 744 So.2d 477 (Fla. 3d DCA 1999) ("Juliano II").
[3] An affirmative act of negligence "means an independent act of negligence committed by the supervisor [or officer] in breach of a duty to exercise ordinary care which he owed to the injured employee." Dessert v. Elec. Mut. Liab. Ins. Co., 392 So.2d 340, 343 (Fla. 5th DCA 1981).
[4] This principle was later extended to supervisors who were not corporate officers. See, e.g., Cliffin v. Fla., Dep't of Health & Rehab. Servs., 458 So.2d 29 (Fla. 1st DCA 1984); Albert v. Salemi, 431 So.2d 345 (Fla. 2d DCA 1983); Dessert, 392 So.2d at 342.
[5] Specifically, the amendment provided:

The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death, nor shall such immunities be applicable to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment.
§ 440.11(1), Fla. Stat. (1979).
[6] Specifically, the court stated that section 440.11 was "an unambiguous statement of the legislature's desire to impose liability on all employees who act with gross negligence with respect to their fellow employees...." Streeter v. Sullivan, 509 So.2d at 270.
[7] "Culpable negligence has been defined through case law as `reckless indifference' or `grossly careless disregard' of human life. Gross negligence, on the other hand, is defined as an act or omission that a reasonable, prudent person would know is likely to result in injury to another." Eller v. Shova, 630 So.2d at 541 n. 3 (citations omitted).
[8] We note that the supreme court is currently reviewing the legislative intent behind the unrelated works exception. See Taylor v. Sch. Bd. of Brevard County, 790 So.2d 1156 (Fla. 5th DCA 2001); review granted, 819 So.2d 140 (Fla.2002); Sanchez v. Dade County Sch. Bd., 784 So.2d 1172 (Fla. 3d DCA 2001), review granted, 819 So.2d 139 (Fla.2002). Neither of these cases, however, involves managerial or supervisory personnel.
[9] The legislative intent behind the 1988 amendment was to decrease an employer's liability expenses by distinguishing regular employees from managerial personnel. Eller, 630 So.2d at 541.