419 So.2d 739 (1982)
John WELLER and His Wife, Kathleen Weller, Appellants,
v.
Edward REITZ and Prudential Property and Casualty Insurance Company, an Insurance Company Authorized to Do and Doing Business in the State of Florida, Appellees.
No. 81-1111.
District Court of Appeal of Florida, Fifth District.
September 22, 1982.
*740 Seymour H. Rowland, Jr., Ocala, for appellants.
Wayne C. McCall, of Ayres, Cluster, Curry, McCall & Briggs, P.A., Ocala, for appellees.
DAUKSCH, Judge.
Appellant appeals from a final summary judgment entered against him by the Circuit Court of Marion County, Florida. Appellant Weller and appellee Reitz were both employees of Marion Tire & Battery. Appellant sought recovery from appellee Reitz and his personal automobile liability carrier, Prudential Property and Casualty Insurance Company, for injuries sustained at his place of employment due to the alleged negligence of appellee Reitz. Worker's Compensation benefits had already been paid to appellant as a result of his injuries.
Weller was engaged in tune-up work on a truck as part of his employment. As Weller was finishing the tune-up, he heard an unusual noise emanating from the engine. Weller asked Reitz, his good friend and fellow employee, to step over to Weller's stall and aid him in locating the source of the noise. Weller asked Reitz to tighten some transmission bolts underneath the truck. The truck was then started; the noise continued and additional efforts were made to find the source. Shortly thereafter, Reitz was called away to do other work. Later that afternoon, Weller again asked Reitz to step over and listen to the engine, as Weller believed he had found the problem. Weller was standing in front of the truck's raised hood leaning over the engine; directly behind him was the stall wall. Weller asked Reitz to start the truck. Reitz leaned in through the open window and turned the key. The truck lurched forward, striking Weller's legs and pinning him to the wall. Both of Weller's legs were broken.
Appellant claims that his affidavit in opposition to the summary judgment was sufficient to show the existence of a material fact issue; namely, that the negligence of appellee Reitz constituted gross negligence. The summary judgment was granted on the basis of section 440.11, Florida Statutes (1979),[1] which provides immunity from tort *741 liability to a fellow employee when that employee was acting in furtherance of the employer's business except when the employee was acting with gross negligence or willful and wanton disregard of the interests of the victim or when the victim and fellow employee were assigned primarily to unrelated works within private or public employment. McCarroll v. Reagan, 396 So.2d 239 (Fla. 2d DCA 1981). Section 440.11 does not abrogate a cause of action for gross negligence. Iglesia v. Floran, 394 So.2d 994 (Fla. 1981).
Appellant's affidavit in opposition to the motion for summary judgment stated that appellee Reitz told appellant that he (Reitz):
1. Started the vehicle without getting inside it.
2. Started the vehicle without knowing what gear it was in.
3. Started the vehicle while appellant was in front of it.
4. Started the vehicle without checking to see if the brake was on.
5. Was sorry the accident happened and in effect, he should have known better, although not in those exact words.
Viewed in a light most favorable to appellant, along with the pleadings and the deposition of appellant, there is no indication of any circumstances or facts sufficient to constitute gross negligence on the part of appellee. The concept of "gross negligence" has often been defined by Florida courts:
[S]imple negligence is that course of conduct which a reasonable and prudent man would know might possibly result in injury to persons or property whereas gross negligence is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property. To put it another way, if the course of conduct is such that the likelihood of injury to other persons or property is known by the actor to be imminent or "clear and present" that negligence is gross, whereas other negligence would be simple negligence. Carraway v. Revell, 116 So.2d 16 (Fla. 1959); Bridges v. Speer, 79 So.2d 679, 682 (Fla. 1955). [G]ross negligence consists of a conscious and voluntary act or omission which is likely to result in grave injury when in the face of a clear and present danger of which the alleged tortfeasor is aware... . Accordingly, to establish a case submissible to a trier of fact there must be a prima facie showing of a composite of circumstances, which, together, constitute a clear and present danger; there must be a prima facie showing of an awareness of such danger; and there must be a prima facie showing of a conscious, voluntary act or omission in the face thereof which is likely to result in injury. Glaab v. Caudill, 236 So.2d 180 (Fla. 2d DCA 1970).
The circumstances and facts support the conclusion that appellee was guilty of simple negligence. Appellant has not met the burden of showing facts from which gross negligence could reasonably be inferred. Thus the statute applies to provide immunity for appellee since appellant has already received his worker's compensation benefits.
AFFIRMED.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.
NOTES
[1] Section 440.11, Florida Statutes (1979) provides in pertinent part:

1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, that the employee assumed the risk of the employment, or that the injury was due to the comparative negligence of the employee. The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death, nor shall such immunities be applicable to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment.
(Emphasis supplied).