PER CURIAM.
Plaintiffs Louis Gerentine and Michael Gerentine, as Personal Representatives of the Estate of Shirley Ann Gerentine, appeal from a final summary judgment dismissing their wrongful death action. We affirm.
In Gerentine v. Coastal Securities Systems, 520 So.2d 245 (Fla.1988), the Florida Supreme Court instructed us to reconsider the elements necessary for the Plaintiffs to plead and prove a cause of action for gross negligence pursuant to section 440.11(1), Florida Statutes, in light of Streeter v. Sullivan, 509 So.2d 268 (Fla.1987). Upon reconsideration, we concluded in Gerentine v. Coastal Security Systems, (Gerentine II), 529 So.2d 1191 (Fla. 5th DCA 1988), that the second amended complaint contained certain allegations which, if well pleaded, would state an actionable claim. Among the allegations we deemed critical to the survival of Plaintiffs’ claim were that these Defendants “had taken positive action to reduce security and had affirmatively decided not to create and enforce any policy to deter or prevent robbery” in the face of a “clear and present” risk of injury or death. Id. at 1192-93. Compare, Streeter v. Sullivan, 509 So.2d 268 (Fla.1987) (armed guard removed from bank despite specific threat to employee’s life by eventual perpetrator of robbery and persistent requests by bank employees that guard be maintained); Stanlick v. Kaplan, 509 So.2d 268 (Fla.1987) (truck driver injured when he fell asleep at wheel where his employer required him to work excessively long hours in violation of federal law and required him to falsify his work records to evade detection by federal authorities). In Gerentine II we pointed out that these elements, apart from being present in Streeter, were consistent with our earlier decision in Weller v. Reitz, 419 So.2d 739 (Fla. 5th DCA 1982), in which we defined “gross negligence” for the purposes of section 440.11(1), Florida Statutes. In Weller, we stated:
*95 ... Accordingly to establish a case admissible to a trier of fact there must be a prima facie showing of a composite of circumstances, which, together, constitute a clear and present danger; there must be a prima facie showing of an awareness of such danger; and there must be a prima facie showing of a conscious, voluntary act or omission in the face thereof which is likely to result in injury. Glaab v. Caudill, 236 So.2d 180 (Fla. 2d DCA 1970).
Weller, 419 So.2d at 741.
After our decision in Gerentine II, Plaintiffs filed their third amended complaint tracking the essential elements described in Gerentine II and, in due course, the Defendants moved for summary judgment. The record from the summary judgment hearing reflects that the Plaintiffs were unable to produce any evidence that the Defendants had deliberately reduced security at the subject convenience store. The record also reflects that Plaintiffs were unable to come forward with any evidence that these Defendants had made a conscious decision in the face of a clear and present risk not to implement a policy to deter robberies. To the contrary, the record is undisputed that these Defendants were aware that the convenience store was vulnerable to robberies and had formulated and implemented a policy to deter such criminal acts. While the policies were insufficient to deter this tragic occurrence, the Plaintiffs were unable to adduce any evidence that the Defendants’ failure to implement more stringent measures was the result of a conscious decision to disregard an obvious and imminent danger of serious injury or death to their employees. As Plaintiffs failed to establish the existence of material issues of fact with respect to these elements, the entry of summary judgment was proper.
AFFIRMED.
HARRIS and GRIFFIN, JJ„ and UNGARO, U., Associate Judge, concur.