PER CURIAM.
The appellants own a parcel in Bay County that is surrounded on all sides by other parcels. Their only access to two roadways is by means of a dirt trail that runs along the boundaries of neighboring parcels, including appellees’ parcel. The ap-pellees erected barriers along the boundary of their property which narrowed the trail and cut off appellants’ access to one of the roadways. To remove the barriers and regain access, the appellants sought a declaratory judgment to enforce the following exception in appellees’ chain of title:
*1043 A strip 25 feet in width is reserved for highway purposes, along side or sides of said property or properties where it may be necessary to establish roads to serve nearby or adjoining properties.
This language was not included in appel-lees’ deed.
The parties stipulated to the facts and filed a joint motion for summary judgment. They also stipulated to an ambiguously worded “sole issue of law” which left it unclear whether their dispute concerned the language of the exception or merely its applicability to the appellees.[1] Although the applicability of the exception was argued, at least initially, the record indicates that the main focus soon shifted to whether it was “necessary” under the language of the exception to use appellees’ property even if the exception was applicable.
The trial court denied appellant’s request for declaratory relief and granted summary judgment in favor of the defendants/appellees. It is unclear whether the court simply found the exception inapplicable to appellees’ property or whether it concluded that under the language and intent of the exception it was not “necessary” to use appellees’ property for the trail road. It is clear, however, that the stipulated facts were insufficient to permit summary judgment on the latter issue which, we conclude, was the focal point of the parties’ dispute. Consequently, we must reverse the final summary judgment and remand the case for further proceedings on this issue. REVERSED and REMANDED.
BOOTH, MINER and ALLEN, JJ„ concur.

. The parties’ stipulated issue read as follows: Whether the exception or reservation found in the deed from Owen A. and Nona B. Wood to John A. and Marie Connolly Koshliek, dated September 30, 1948, applies to the Defendants, and whether the Plaintiffs are proper parties to enforce said exception or reservation so that the Defendants would be required to remove the barriers blocking off the encroaching road that lies on their property?