667 So.2d 273 (1995)
David L. FLEMING, Appellant,
v.
PEOPLES FIRST FINANCIAL SAVINGS AND LOAN ASSOCIATION, Appellee.
No. 94-3650.
District Court of Appeal of Florida, First District.
September 5, 1995.
David L. Fleming, Gulf Breeze, pro se.
D. Andrew Byrne and Michael A. Kliner of Pennington & Haben, P.A., Tallahassee; John L. Gioiello, Panama City, for appellee.
VAN NORTWICK, Judge.
David L. Fleming appeals a final summary judgment in favor of Peoples First Financial Savings and Loan Association (Peoples), appellee, in connection with Peoples' action to collect a promissory note co-signed by Fleming and Fleming's five-count counterclaim seeking damages for Peoples' alleged violation of the Federal Racketeer Influenced Corrupt Organization (RICO) Act, violation of the Federal Truth in Lending Act, "breach of promise," and defamation of credit.
Fleming argues that the trial court erred (i) in granting partial summary judgment as to his counterclaims because the counterclaims raise issues of intent which should inherently be resolved by the jury, (ii) in denying his motion for leave to file an amended counterclaim adding a count for promissory estoppel, and (iii) in awarding attorney's fees to Peoples which included work performed by Peoples' attorneys in defense of Fleming's counterclaims. Because we conclude that the appealed rulings of the trial court below did not constitute error, we affirm.
As to Fleming's first issue, we find that he failed to present to the trial court any evidence showing the existence of issues of material fact and, therefore, he cannot avoid summary judgment. Where a movant for *274 summary judgment (in this case, Peoples) offers sufficient evidence to support its claim of the nonexistence of a genuine issue of material fact, the opposing party (in this case, Fleming) must demonstrate the existence of such an issue or issues either by countervailing facts or justifiable inferences from the facts presented. If he fails, summary judgment may be entered against him. DeMesme v. Stephenson, 498 So.2d 673 (Fla. 1st DCA 1986). In seeking summary judgment as to Fleming's counterclaims, Peoples presented evidence of the lack of any genuine issue of material fact with respect to the counterclaims. Fleming failed to demonstrate the existence of issues of fact by countervailing evidence. Although it is true that, generally, fact issues relating to intent do not lend themselves to summary judgment, Brock v. G.D. Searle & Co., 530 So.2d 428, 430 (Fla. 1st DCA 1988), summary judgment is not precluded simply because the action involves an issue of intent. Because Fleming presented no evidence demonstrating the existence of an issue or issues of fact, including fact-issues relating to intent, the trial court correctly entered summary judgment against him. DeMesme, supra.
With respect to Fleming's second issue, Fleming's motion for leave to file an amended counterclaim was filed after the trial court had granted summary judgment as to his counterclaims and at the same time as his motion for rehearing. However, the trial court did not expressly rule on his motion for leave and nothing in the record supports Fleming's contention that the trial court impliedly denied his motion for leave when it denied the motion for rehearing. Because appellate review must be confined to the record of the proceedings in the lower tribunal, Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979), in absence of a trial court decision on Fleming's motion, there is nothing for us to review. See, P. Padovano, Florida Appellate Practice § 5.2 at 70 (West 1988). Further, even if we were to find that the trial court had denied the motion for leave sub silencio, based on our review of the record, the denial would not be an abuse of discretion by the trial court. San Martin v. Dadeland Dodge, Inc., 508 So.2d 497 (Fla. 3d DCA 1987); see, Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, 713 F.2d 618, 622-623 (11th Cir.1983).
As to Fleming's challenge of the award of attorney's fees, the trial court's order sets out the factors considered and the evidence introduced in support of its fee award. Further, the language of the promissory note[1] was sufficiently broad to allow the award of fees arising from the defense of Fleming's counterclaims. Vistaco, Inc. v. Prestige Properties, Inc., 559 So.2d 744 (Fla. 1st DCA 1990) (provision that entitled a party to "costs and expenses of collection or repossession" allows recovery of fees relating to defense of counterclaim, while provision that entitles a party to fees for "enforcement" does not); compare, Fairways Royale Ass'n, Inc. v. Hasam Realty Corp., 428 So.2d 288 (Fla. 4th DCA 1983) (attorney's fees provision that allowed recovery of fees for "suits instituted by the prevailing party to collect the rent" did not allow recovery of fees for defending counterclaim). Accordingly, Fleming has failed to demonstrate that the trial court abused its discretion in its award of attorney's fees.
AFFIRMED.
MICKLE and BENTON, JJ., concur.
NOTES
[1] In the instant case, the promissory note provides:

[T]he Borrower agrees to pay all costs of collection, including reasonable attorneys' fees. Such attorneys' fees and costs shall include, but not be limited to, fees and costs incurred in all matters of collection and enforcement, construction and interpretation, before, during and after suit, trial, proceedings and appeals, as well as appearances in and connected with any bankruptcy proceeding or creditors' reorganization or arrangement proceedings.