BROWNING, C.J.
Appellant, D. Yogi Goswami, appeals an adverse summary judgment for Appellee alleging there is a genuine issue of material fact that precludes entry of a summary judgment. Because there are conflicting provisions in the Asset Purchase Agreement made by Lennox Industries, Inc. (Lennox), and Universal Air Technology, Inc. (Universal), that might necessitate introduction of parol evidence, we agree and reverse.
Appellant, the inventor of a patented air filtration and purification system (system), transferred ownership of the system and supporting patents to Universal. Appellant’s consideration for his transfer to Universal was less than 50 percent of its outstanding common stock, and, as additional consideration, a covenant that Universal pay to Appellant one percent of the gross revenues (royalty payments) received by Universal from all future sales of the system.
On February 28, 2002, Universal entered into an Asset Purchase Agreement providing for the transfer of the system and supporting patents to Lennox for $1,285,000. After the sale, Appellant demanded that Lennox pay to him the one percent royalties provided by Appellant’s and Universal’s agreement. Lennox refused and this litigation ensued.
Lennox argued below that Appellant was not a third-party beneficiary of the Asset Purchase Agreement and that Len-nox did not assume any liability for Universal’s obligation for royalty payments to Appellant. The trial court agreed and entered summary judgment for Lennox against Appellant. By so doing, the trial court reversibly erred.
Our standard of review is de novo. See Major League Baseball v. Morsani, 790 So.2d 1071 (Fla.2001). Because the two contracts at issue here were made and performed in New Jersey and Delaware, we apply the laws of those two states. See Stone v. CompuServe Interactive Servs., Inc., 804 So.2d 383 (Fla. 4th DCA 2001).
The law governing entry of a summary judgment is the same in New Jersey as in Florida. That rule is so well-known that it need not be repeated here. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 666 A.2d 146 (1995).
As in Florida, New Jersey law holds that absent an ambiguity, a contract must be enforced as written. See Rahway Hosp. v. Horizon Blue Cross Blue Shield of N.J., 374 N.J.Super. 101, 863 A.2d 1050, 1056 (2005). Also, New Jersey law provides that where there are conflicting provisions in a written agreement that render *1223 the parties’ intent uncertain, it is necessary for an evidentiary hearing to be held, and the issue cannot be resolved on summary judgment. See id.
When these principles are applied here, it is clear that an ambiguity exists, or conflicting provisions exist, within the contracts that preclude a summary judgment.
The Asset Purchase Agreement provides:
“Assumed Liabilities ” shall have the meaning assigned to it in Section 2.0b. of this Agreement.
[[Image here]]
Section 2.04 Liabilities Assumed. On the Closing Date, subject to the terms and conditions herein set forth and as consideration for the Transferred Assets (in addition to the Purchase Price), Seller shall assign to Buyer, and Buyer shall assume from Seller, those liabilities associated with the Business existing prior to the Closing Date set forth on Schedule 2.0b and any liability associated with the Business or use of the Transferred Assets after the Closing Date (the “Assumed Liabilities”). Buyer’s assumption of the Assumed Liabilities shall be evidenced by the instrument of assumption in the form attached hereto as Exhibit A (the “Instrument of Assumption”).
[[Image here]]
SCHEDULE 2.04
ASSUMED LIABILITIES
1.All liabilities and obligations relating to the items on Schedule 2.02(b).
[[Image here]]
SCHEDULE 2.02(b) INTANGIBLE ASSETS
1. United States Patent Nos. 5,533,702; 5,993,738 and 5,835,840 (see attachment).
2. United States Trademarks for SUN-AIR, Registration Number 2,472,834; SUN-CENTRAL, Serial Number 75,765,664 and PHOTO-TECH, Registration Number 2,477,-454 (see attachment).
3. The attached foreign patent applications and registrations.
After considering these provisions, it is clear that Lennox assumed all liabilities (schedule 2.04) relating to the patents for the system. Since the only liability “relating” to the patents is Appellant’s royalty payments, an inference can be drawn that Lennox assumed liability for Appellant’s entitlement to the royalty payments. Of course, there are other contractual provisions of the Assets Purchase Agreement that imply a contrary conclusion and upon which the trial court relied in entering the contested summary judgment. However, such conflicts cannot be decided by summary judgment. The trial court was obligated to consider such conflicts, and all competent evidence germane to the parties’ intent before entering summary judgment.
Accordingly, we REVERSE and REMAND for proceedings consistent with this opinion.
ERVIN, III, RICHARD W., Senior Judge, concurs.
BENTON, J., dissents with opinion.