IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ELECTRIC BOAT CORPORATION,

      Appellant,

v.

                                        Case No. 5D21-1519
                                        LT Case No. 2016-CA-043968

SYLVIA FALLEN,

      Appellee.

_____/

Opinion filed June 17, 2022

Nonfinal Appeal from the Circuit Court
for Brevard County,
Curt Jacobus, Judge.

Jay A. Yagoda, of Greenberg Traurig,
P.A., Miami, and Gregory W. Kehoe
and Danielle S. Kemp, of Greenberg
Traurig, P.A., Tampa, for Appellant.

Brian J. Lee, of Morgan & Morgan,
Jacksonville, for Appellee.

EISNAUGLE, J.

      Electric Boat Corporation appeals an order granting Sylvia Fallen's

motion for summary judgment, and denying Electric Boat's dueling motion,

on Electric Boat's affirmative defense of horizontal workers' compensation

immunity pursuant to section 440.10, Florida Statutes (2014). We have jurisdiction[1] and reverse because the undisputed facts at summary judgment establish that Electric Boat was not grossly negligent as a matter of law and is therefore immune from liability under the exclusive remedy provision of Florida's workers' compensation statute.[2] *See* § 440.10(1)(e)(2), Fla. Stat. (2014). We do not reach the other issues raised on appeal.

## Facts at Summary Judgment

The material facts are not in dispute. In 2015, the United States Navy contracted for work on a large project in Cape Canaveral, Florida. Fallen's employer, Ivey's Construction, was a subcontractor on the project and was responsible for most of the construction work. Fallen was Ivey's supervisor on the project and had a mobile office trailer on site.

Electric Boat also performed work at the project site. While working the night shift on the evening before Fallen's injury, Electric Boat employees determined that the stairs on the south side of Fallen's mobile office were in their way. They checked the area and confirmed that no one was present at the site, and they knocked on the locked doors of the trailer to ensure no one

---

[1] Fla. R. App. P. 9.130(a)(3)(C)(v).

[2] The summary judgment order in this case was rendered pursuant to Florida's revised summary judgment rule. *See In re Amends. to Fla. R. Civ. P. 1.510*, 317 So. 3d 72, 81 (Fla. 2021).

2

was inside. However, they did not place barrier tape on the exterior of the south door, nor did they notify anyone at Ivey's that they were moving the stairs. Instead, they intended to move the stairs back before leaving, but they forgot to do so.

The next morning, Fallen arrived and noticed congestion at the worksite. She drove past the south door to her mobile office, parked, and entered the north office door. Fallen then walked to the southside window but could not see because it was still dark outside. Intent on resolving the congestion issue, she put on her hard hat, stepped out of the southside door, and fell three-and-a-half feet to the ground. She sustained injuries and receives workers' compensation coverage for her injuries and lost wages.

Fallen filed suit below for gross negligence[3] and moved for summary judgment, arguing that the undisputed facts established Electric Boat was grossly negligent as a matter of law. Electric Boat not only opposed Fallen's motion but filed for summary judgment itself, arguing that the undisputed facts in the summary judgment record established it was immune from suit because it was not grossly negligent. The trial court agreed with Fallen, concluding that Electric Boat was grossly negligent as a matter of law, and

---

[3] Fallen initially alleged both simple negligence and gross negligence. However, she later abandoned her simple negligence claim.

entered partial summary judgment against Electric Boat on its affirmative defense of horizontal immunity. The trial court denied Electric Boat's motion as a matter of law in the same order.

Electric Boat concedes that its employees should have returned the stairs. The summary judgment evidence also suggests that Electric Boat did not provide adequate oversight of its employees at the worksite and did not have procedures in place "for management, oversight and execution of work" at the site. However, it is also undisputed that an accident like this had not happened before Fallen's injury or since.

## Analysis

On appeal, Electric Boat argues that the trial court erred when it entered partial summary judgment in favor of Fallen on the issue of horizontal immunity, and when the trial court denied Electric Boat's own motion for summary judgment. We agree.

We review an order granting summary judgment de novo. *Thompson o/b/o R.O.B. v. Johnson*, 308 So. 3d 250, 252 (Fla. 5th DCA 2020); *Ramsey v. Dewitt Excavating, Inc.*, 248 So. 3d 1270, 1272 (Fla. 5th DCA 2018). A trial court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a).

4

In this case, the parties agree that Electric Boat is immune from liability for simple negligence. *See* §§ 440.10–.11, Fla. Stat. (2014). Nevertheless, a subcontractor is not immune from liability where the "major contributing cause" of the accident was the subcontractor's own gross negligence. *See* § 440.10(1)(e)(2), Fla. Stat. (2014).

This court has explained the difference between simple and gross negligence as follows:

> [S]imple negligence is that course of conduct which a reasonable and prudent man would know might possibly result in injury to persons or property whereas gross negligence is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property. To put it another way, if the course of conduct is such that the likelihood of injury to other persons or property is known by the actor to be imminent or "clear and present" that negligence is gross, whereas other negligence would be simple negligence. *Carraway v. Revell*, 116 So. 2d 16 (Fla. 1959); *Bridges v. Speer*, 79 So. 2d 679, 682 (Fla. 1955). [G]ross negligence consists of a conscious and voluntary act or omission which is likely to result in grave injury when in the face of a clear and present danger of which the alleged tortfeasor is aware. . . . Accordingly, to establish a case submissible to a trier of fact there must be a prima facie showing of a composite of circumstances, which, together, constitute a clear and present danger; there must be a prima facie showing of an awareness of such danger; and there must be a prima facie showing of a conscious, voluntary act or omission in the face thereof which is likely to result in injury. *Glaab v. Caudill*, 236 So. 2d 180 (Fla. 2d DCA 1970).

5

*Weller v. Reitz*, 419 So. 2d 739, 741 (Fla. 5th DCA 1982) (alteration in original).

In other words, there are three elements to prove gross negligence: "(1) circumstances constituting an imminent or clear and present danger amounting to a more than normal or usual peril, (2) knowledge or awareness of the imminent danger on the part of the tortfeasor, and (3) an act or omission that evinces a conscious disregard of the consequences." *Moradiellos v. Gerelco Traffic Controls, Inc.*, 176 So. 3d 329, 335 (Fla. 3d DCA 2015) (citation omitted); *see also Ramsey*, 248 So. 3d at 1273. We recognize that the difference between simple negligence and gross negligence is "theoretically clear" but is sometimes "difficult-to-apply." *Moradiellos*, 176 So. 3d at 334.

These facts do not establish a prima facie case of gross negligence. Fallen argues that the act of moving the staircase itself "created an obvious clear and present danger of serious harm." However, this misses the point. The undisputed evidence here is that Electric Boat intended to replace the stairs before leaving the worksite.[4] *See Fleming v. Peoples First Fin. Sav. &*

---

[4] Importantly, we can identify no summary judgment evidence from which a jury could reasonably draw an inference that would put Electric Boat's intent to return the stairs in dispute, and Fallen has identified none.

*Loan Ass'n*, 667 So. 2d 273, 274 (Fla. 1st DCA 1995) ("Because Fleming presented no evidence demonstrating the existence of an issue or issues of fact, including fact-issues relating to intent, the trial court correctly entered summary judgment against him." (citation omitted)).[5]  Had they not forgotten to do so, no one would have been injured.

Therefore, when considering all the undisputed facts, we conclude that Electric Boat did not "evince the conscious disregard" required to establish gross negligence when it forgot to return the stairs.  While Electric Boat might have been negligent, it was not grossly negligent.

As such, we reverse the order granting partial summary judgment in favor of Fallen and remand with instructions for the trial court to grant Electric Boat's motion for summary judgment on its affirmative defense of horizontal immunity.

REVERSED and REMANDED.

EDWARDS, J., concurs.
COHEN, J., concurs in part and dissents in part, with opinion.

---

[5] *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (rejecting respondents' argument that "the defendant should seldom if ever be granted summary judgment where his state of mind is at issue and the jury might disbelieve him or his witnesses as to this issue").

COHEN, J., concurring in part and dissenting in part.

The line between simple and gross negligence is a matter of degree and fact-specific, and when the distinction between the two is unclear, the question should be submitted to the jury. See Courtney v. Fla. Transformer, Inc., 549 So. 2d 1061, 1065 (Fla. 1st DCA 1989) ("[W]here the line separating simple and gross negligence is doubtful or indistinct, 'the question of whether the negligence is ordinary or gross is one which should be submitted to the jury.'" (quoting Foy v. Fleming, 168 So. 2d 177, 178 (Fla. 1st DCA 1964))). While I agree with the majority that the trial court erred in granting Fallen's motion for summary judgment on the issue of gross negligence, I cannot agree that Electric Boat is entitled to summary judgment on remand based on the record before us.

The majority opinion correctly sets out what a plaintiff must establish to make an initial showing of gross negligence. See Moradiellos v. Gerelco Traffic Controls, Inc., 176 So. 3d 329, 335 (Fla. 3d DCA 2015). My disagreement concerns whether Fallen demonstrated a disputed fact regarding Electric Boat's conscious disregard of the consequences sufficient to withstand summary judgment against her.

It is axiomatic that on summary judgment the court must accept the facts in the light most favorable to the nonmoving party, something the majority has failed to do. See Grazette v. Magical Cruise Co., 280 So. 3d 1120, 1123 (Fla. 5th DCA 2019). Here, to perform work at the job site, Electric Boat employees moved a set of stairs from the exit of an office trailer. They did not place barrier tape on the door to prevent anyone from exiting the trailer before the stairs were returned. At the conclusion of their assigned task, the employees failed to replace the stairs, much to the detriment of Fallen. The majority focuses on the fact that the employees testified that they intended to replace the stairs but forgot. While that may be true, it is a rare defendant who admits that he or she consciously intended to cause injury to the plaintiff. That would fit the definition of an intentional tort, which is not the issue here. But under the majority's analysis, all a tortfeasor has to do to avoid the issue of gross negligence from being submitted to the jury is declare that he or she did not intend to harm the victim.

Rather than focus on what the employees said long after the incident, we should look to their actions and the circumstances constituting an imminent danger, the knowledge or awareness of the imminent danger, and whether the act or omission evinces a conscious disregard of the consequences. See Moradiellos, 176 So. 3d at 335. The majority appears to

9

acknowledge that Fallen presented sufficient evidence of the first two elements, properly focusing on the issue of conscious disregard. That element, of course, implicates the state of mind of the employees involved. We should look at what the employees did, not only what they said after becoming aware that someone was seriously injured by their actions, to guide our decision in this case.

Taking the facts in the light most favorable to Fallen, Electric Boat's employees violated their own policies by removing the stairs without receiving permission from their safety representative. Knowing the removal of the stairs would pose a significant risk to anyone within the trailer, the employees took prophylactic measures to ensure no one was inside. Yet they did not place barrier tape—not an arduous task—to protect any person who might enter the trailer and use the exit. One employee acknowledged the obvious: failure to replace the stairs created a considerable hazard. Despite being aware of the imminent danger, the employees left the job site without any effort whatsoever to ensure that the hazard they created had been remedied. In my view, that is sufficient evidence of conscious disregard of the consequences to allow for a jury to determine whether Electric Boat was grossly negligent; simply forgetting to conduct a critical safety measure

to protect against an admittedly significant danger does not eviscerate the possibility of conscious disregard.

The cases relied upon by the majority in support of their decision to enter summary judgment against Fallen are so factually distinguishable as to render them of no value. In Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), the issue involved a defamation action pursuant to New York Times Co. v. Sullivan, 376 U.S. 254 (1964). As such, the evidentiary standard to be applied by the trial court was clear and convincing evidence as to whether a genuine issue of actual malice existed, a far higher evidentiary standard than that of the instant case. Moreover, the United States Supreme Court in Anderson noted, "When determining if a genuine factual issue as to actual malice exists in a libel suit brought by a public figure, a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability under New York Times." 477 U.S. at 254. Stated differently, "in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." Id. It seems illogical to analogize the instant case to one that concerned a vastly different evidentiary burden.

The other case relied upon by the majority, Fleming v. Peoples First Financial Savings & Loan Association, 667 So. 2d 273 (Fla. 1st DCA 1995),

11

is just as factually inapposite. There, summary judgment was granted on counterclaims for alleged violations of RICO and TILA,[6] as well as claims for breach of promise and defamation of credit. Id. While the majority quotes language in Fleming helpful to their disposition, they ignore that the court also stated, "generally, fact issues relating to intent do not lend themselves to summary judgment." Id. at 274. In the instant case, where conscious disregard of the consequences necessarily involves a question of the tortfeasor's state of mind, the grant of summary judgment is improper.

Simply put, the fundamental issue in this case is who should make the determination of whether Electric Boat's actions were sufficient to constitute gross negligence. The majority believes they are better suited to make that determination. I respectfully submit it should be made by a jury.

---

[6] "Racketeer Influenced Corrupt Organization" and "Truth In Lending Act."