DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EBSARY FOUNDATION COMPANY,**
Appellant,

v.

**THOMAS C. SERVINSKY** and **MARIE L. SERVINSKY,**
Appellees.

No. 4D2022-1990

[November 22, 2023]

Appeal of a non-final order from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Gary L. Sweet, Judge; L.T. Case No. 2019CA000951.

Charles M-P "Chip" George of Law Office of Charles M-P George, Coral Gables, and Maria E. Dalmanieras of Boyd Richards Parker, Miami, for appellant.

Daniel G. Williams and Alana Weatherstone of Gordon & Partners, P.A., Palm Beach Gardens, and Kara Rockenbach Link and David A. Noel of Link & Rockenbach, PA, West Palm Beach, for appellees.

PER CURIAM.

Ebsary Foundation Company appeals the circuit court's order granting Thomas Servinsky's motion for leave to amend to state a claim for punitive damages. Servinsky's punitive damages claim is based on the allegation that Ebsary negligently hired Michael Pool and gave him a company vehicle. While in the company vehicle, Pool crashed into Servinsky and caused significant injuries. We agree that Servinsky failed to proffer sufficient evidence to make a reasonable showing that he is entitled to recover punitive damages under section 768.72, Florida Statutes (2019), and reverse the circuit court's order.

### i. Background

In October 2016, Ebsary hired Pool as a superintendent and provided him with a company vehicle. In December 2016, Pool was driving the company vehicle when he crashed into Servinsky. The crash totaled both

vehicles and caused significant injuries. Servinsky and his wife sued Ebsary, Pool, and Geico General Insurance Company.

The Servinskys filed an amended complaint alleging, in part, negligence against Pool, vicarious liability against Ebsary, and negligent hiring against Ebsary. The first amended complaint also included a claim for punitive damages against Pool. The circuit court granted the motion for leave to amend the complaint to include the punitive damages claim against Pool and the negligent hiring claim against Ebsary.

Later, the Servinskys again sought to amend their complaint to assert a claim for punitive damages against Ebsary. The circuit court allowed the amendment. In their proposed second amended complaint, the Servinskys alleged that Ebsary was grossly negligent in hiring Pool by not conducting an adequate pre-employment screening, failing to obtain a driving and criminal history, and failing to confirm that he held a valid driver's license.

In support of their motion, the Servinskys attached Pool's job offer, a background and driving check performed by United Screening Services, a Florida Traffic Crash Report, Ebsary's president's handwritten notes of his post-accident termination discussion with Pool, and the depositions of Thomas Servinsky and Ebsary's president.

After a hearing, the circuit court granted the Servinskys' motion for leave to state a claim for punitive damages against Ebsary. The circuit court reasoned that a more prudent investigation would have shown that Ebsary should not have hired Pool and given him keys to a company vehicle.

### ii. Analysis

We review de novo a trial court's finding that a plaintiff has made a "reasonable showing" under section 768.72 to recover punitive damages. *See Progressive Select Ins. Co. v. Ober*, 353 So. 3d 1190, 1192 (Fla. 4th DCA 2023).

The Servinskys did not proffer sufficient evidence to make a reasonable showing that would provide a reasonable basis for the recovery of punitive damages. § 768.72(1), Fla. Stat. (2019). We reach this conclusion for two reasons.

First, the Servinskys' proffered evidence is not directly related to the allegation that Ebsary was grossly negligent in hiring Pool. *See HRB Tax*

*Grp., Inc. v. Fla. Investigation Bureau, Inc.*, 360 So. 3d 1159, 1162 (Fla. 4th DCA 2023) ("[T]he trial court improperly considered allegations and evidence not relevant to the claim for which punitive damages were sought"). The Florida Traffic Crash Report—detailing the officer's narrative of the accident finding Pool at fault and smelling of alcohol—occurred after Pool was hired. Servinsky's observation that Pool reeked of alcohol at the accident scene, occurred after Pool was hired. The handwritten notes about Pool's termination, including the presence of beer bottles in his company vehicle, occurred after Pool's hiring. Finally, another employee's handwritten note also referred to information after Pool was hired. *See Garcia v. Duffy*, 492 So. 2d 435, 438 (Fla. 2d DCA 1986) (explaining that facts relating to negligent hiring occur prior to the time the employee is hired, whereas facts relating to negligent retention occur after the employee has been hired and during the course of employment).

Second, the Servinskys argued that Ebsary was grossly negligent in hiring Pool without determining if he had a valid driver's license and without a background report. While Ebsary hired Pool before receiving the background report, the offer specifically stated that it "is contingent upon a negative drug test result and an acceptable background/check." Further, Ebsary's president testified that Pool's license was suspended for unpaid fees, and Pool was not allowed to drive a company vehicle until it was reinstated.

"Allegations of misfeasance or malfeasance, or breaches of a professional standard of care, cannot without more be converted into a claim for punitive damages simply by labeling them as 'grossly' negligent." *See Cleveland Clinic Fla. Health Sys. Nonprofit Corp. v. Oriolo*, 357 So. 3d 703, 705 (Fla. 4th DCA 2023) (citing *Weller v. Reitz*, 419 So. 2d 739, 741 (Fla. 5th DCA 1982) (distinguishing simple negligence, in which a reasonable person would know conduct might result in injury, with gross negligence, which is a "conscious and voluntary act or omission [and] is likely to result in grave injury")). The conduct reserved for punitive damages must be "so outrageous in character, and so extreme in degree . . . [that] the facts [of the case] to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Oriolo*, 357 So. 3d at 706 (citations omitted).

The allegations in this case are not so outrageous as to allow a claim for punitive damages. Accordingly, we reverse the circuit court's order and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

3

GROSS, MAY and KUNTZ JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***