# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2025-0984

_____

DUNE ALLEN BEACH, INC.,

    Appellant,

    v.

BREEN REALTY LTD LP, ERIC
AND DEBORAH WILHELM
REVOCABLE TRUST, BLB BEACH
HUT, LLC, JOHN and MARY
HOWARD, VICKI L. INMAN, JOHN
K. CHANDLER as Trustee of the
John K. Chandler Revocable
Trust, MARION RUCKEL
SKALICKY, STEPHEN & RHONDA
RUCKEL REVOCABLE TRUST,
SHARON JOYCE RUCKEL, and
PHILIP BOND RUCKEL,

    Appellees.

_____

On appeal from the Circuit Court for Walton County.
Jeffrey E. Lewis, Judge.

April 15, 2026

RAY, J.

    Dune Allen Beach, Inc. ("Dune Allen") appeals a final
summary judgment for Appellees in this quiet title and declaratory

judgment action. At issue is whether Dune Allen's original conveyances gave Appellees' beachfront parcels littoral rights. Dune Allen argues that the trial court improperly resolved, at summary judgment, a latent ambiguity in the deeds. Because the record reveals a genuine dispute of material fact on that question, we reverse and remand for further proceedings.

I

The parcels in dispute are part of a 143-acre tract in Walton County on the Florida Panhandle. E.C. Allen acquired the tract in 1925. After his death, his widow platted part of it in 1949 as the Dune Allen Subdivision, but the parcels involved here were not included in that plat. In 1956, Mrs. Allen conveyed the remaining property, including these parcels, to Dune Allen.

Appellees now own seven parcels that Dune Allen conveyed between 1964 and 1970. The original deeds described each parcel by metes and bounds and fixed its southern boundary by a measured call of 315 feet from a point beginning at Highway 30A, which runs generally parallel to the parcels' northern boundaries. None of those deeds referred to the Gulf of Mexico,[1] the mean high-water line, or any other water boundary. Later conveyances in Appellees' chains of title used the same metes-and-bounds descriptions.

This dispute arose in 2023, when Appellees filed these actions to quiet title and obtain declaratory relief. They alleged that Dune Allen's original conveyances extended their parcels to the Gulf and therefore carried littoral rights.[2] Dune Allen denied that allegation

---

[1] In January 2025, President Donald J. Trump issued an executive order renaming the Gulf of Mexico the Gulf of America. *See* Exec. Order No. 14172, § 4 (Jan. 20, 2025). Because the transactions and other events relevant to this appeal predate that order, we use "Gulf of Mexico" in this opinion.

[2] In the proceedings before the trial court, the term "riparian" was sometimes used broadly to describe waterfront owners. Strictly speaking, however, "riparian" refers to rights incident to land abutting a river or stream, while "littoral" refers to rights incident to land abutting an ocean, sea, or lake. *See Bd. of Trs. of*

and maintained that the deeds conveyed only the property described by their metes and bounds.

The parties filed competing motions for summary judgment. After a hearing, the trial court entered final summary judgment for Appellees. It concluded that the deeds contained a latent ambiguity, reasoning that whether a conveyance to the 315-foot mark transferred littoral property depended on where the relevant shoreline boundary lay at the time of conveyance. The court then considered extrinsic evidence and resolved that ambiguity in Appellees' favor. Dune Allen moved for rehearing, which the trial court denied. This appeal followed.

II

We review the summary judgment de novo. *Allstate Fire & Cas. Ins. Co. v. Schroeder*, 411 So. 3d 532, 534 (Fla. 1st DCA 2025). Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). A genuine factual dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *In re Amends. to Fla. R. of Civ. P. 1.510*, 317 So. 3d 72, 75 (Fla. 2021) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

If the movant carries its initial burden to show the absence of a genuine issue of material fact, the burden shifts to the nonmovant to show that at least one such issue remains. *Casey v. Mistral Condo. Ass'n, Inc.*, 380 So. 3d 1278, 1285 (Fla. 1st DCA 2024). And when the nonmovant points to record evidence creating such a dispute, the court must credit that evidence and draw all justifiable inferences in that party's favor. *Anderson*, 477 U.S. at 255.

These principles underscore the limited function of summary judgment. "Summary judgment is not designed to resolve disputed

---

*the Internal Improvement Tr. Fund v. Sand Key Assocs., Ltd.*, 512 So. 2d 934, 936 (Fla. 1987). Because the parcels at issue abut the Gulf of Mexico, we use "littoral" in this opinion as the more precise term.

3

issues of fact. It merely serves to identify whether an issue of fact exists that must be resolved by trial." *Allstate Fire & Cas. Ins. Co.*, 411 So. 3d at 534 (quoting *CG Tides LLC v. SHEDDF3 VNB, LLC*, 388 So. 3d 1081, 1084–85 (Fla. 3d DCA 2024)). Thus, summary judgment "should not be granted 'unless the facts are so crystallized that nothing remains but questions of law.'" *Emerald Coast Utils. Auth. v. Thomas Home Corp.*, 359 So. 3d 1239, 1250 (Fla. 1st DCA 2023) (quoting *Bowman v. Barker*, 172 So. 3d 1013, 1015 (Fla. 1st DCA 2015)). And for that reason, "[c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Allstate Fire & Cas. Ins. Co.*, 411 So. 3d at 534 (quoting *CG Tides LLC*, 388 So. 3d at 1085).

The same principles apply when the dispute concerns the meaning of a deed. Whether a deed is ambiguous is a question of law. *See Am. Quick Sign, Inc. v. Reinhardt*, 899 So. 2d 461, 467 (Fla. 5th DCA 2005). When a written instrument is reasonably susceptible to more than one construction, and its meaning turns on disputed extrinsic facts or competing inferences concerning intent, summary judgment is generally improper. *Holmes v. Fla. A&M Univ. ex rel. Bd. of Trs.*, 260 So. 3d 400, 404 (Fla. 1st DCA 2018). To be sure, not every issue of intent forecloses summary judgment. *Fleming v. Peoples First Fin. Sav. & Loan Ass'n*, 667 So. 2d 273, 274 (Fla. 1st DCA 1995). But summary judgment remains improper when intent must be resolved from genuinely disputed evidence or from competing reasonable inferences drawn from the record.

## III

Dune Allen does not challenge the trial court's threshold conclusion that the deeds contain a latent ambiguity. It argues instead that, once that ambiguity was identified, the issue could not be resolved on summary judgment because the extrinsic evidence bearing on intent was disputed. We agree.

Appellees offered evidence supporting their view that the original conveyances were intended to extend their parcels to the Gulf and thus to include littoral rights. Their principal documentary evidence included an unrecorded survey prepared in 1966 for the parcel now owned by the Ruckel Appellees (the

4

"Ruckel survey") and a 1967 document Appellees describe as a fractional plat. Those materials, together with other historical documents, supported Appellees' claim that the historical shoreline boundary lay landward of the deeds' 315-foot southern calls.

Appellees also presented testimony that beachfront-lot ownership was understood to extend to the waterline. Dr. James Breen testified that, when he bought his parcel in 1967, he understood it to extend to the waterline. In his view, a "beach house included the beach," and that understanding was commonly shared in the community. If credited, that testimony supports Appellees' interpretation of the original conveyances.

Dune Allen, however, presented contrary record evidence and offered a competing interpretation. It emphasized that the deeds themselves used fixed metes-and-bounds descriptions and did not refer to the Gulf, the mean high-water line, or any other water boundary. It also maintained that Appellees' evidence did not establish, as a matter of law, that the original conveyances were intended to transfer littoral property. In particular, Dune Allen contended that the documentary materials on which Appellees relied were susceptible to a different reading—that they depicted a gap between the parcels' southern boundary and the Gulf.

That showing was sufficient to preclude summary judgment. Even on their own terms, the Ruckel survey and related materials did not conclusively establish where the legally relevant shoreline boundary lay for all seven parcels across all conveyance dates between 1964 and 1970. Nor did those materials foreclose the competing inference that the original deeds conveyed fixed-depth parcels that did not reach the water.

Dune Allen's surveying expert, Dave Dagostino, explained why, in his view, the Ruckel survey and the document Appellees describe as a fractional plat did not support the conclusion that the original conveyances were intended to include littoral rights. As he read those materials, they did not show the parcels extending to the Gulf. With respect to the Ruckel survey in particular, he noted a distinct space between the sharply drawn southern edge of the parcel and the Gulf that could be understood as a beach lying seaward of the lot line. The survey also marks the parcel's

southern corners with physical monuments—an iron pipe at the southwest corner and a conduit at the southeast corner—from which he inferred that the Gulf did not occupy the parcel.

Dagostino also opined that the line labeled "high-water line" on the survey did not represent the boundary between sovereign and private lands. Because the survey separately depicted the "top of bluff," he interpreted that line instead as the toe of the bluff marking the end of the open beach. The parties sharply disputed the significance of that line and what shoreline boundary the historical materials were meant to depict. We need not resolve that dispute here. It is enough that the materials required interpretation and did not settle the issue for summary-judgment purposes. Whether that interpretation is ultimately correct is not the question. Because the record supported it, the trial court could not reject it on summary judgment in favor of Appellees' competing interpretation.

John ("Jack") L. Turner, IV, whose parents purchased the parcel now owned by Appellee BLB Beach Hut, likewise testified that during his family's ownership there was beach area between the lot and the water, that people used that area and could not be excluded from it, and that the Gulf's waterline lay well south of the parcel's 315-foot southern boundary. He explained that the waterline did not correspond to the "high-water line" depicted on the Ruckel survey. That testimony directly contradicted the inference the trial court drew from the Ruckel survey about the historic location of the waterline.

The trial court separately relied on *Haynes v. Carbonell*, 532 So. 2d 746 (Fla. 3d DCA 1988), to resolve the ambiguity in Appellees' favor. But *Haynes* addressed a different kind of deed. There, the court applied the rule that, when an ambiguity as to a boundary line is caused by a called natural boundary and conflicting called distances, the natural boundary prevails as a matter of law. *Id*. at 749. Here, by contrast, none of Appellees' deeds call for the Gulf or any other natural monument or boundary. The deeds instead describe the parcels by fixed metes and bounds and by distance.

Taken together, the record does not compel a single conclusion about what Dune Allen intended to convey. A reasonable factfinder

6

could conclude either that the conveyances extended to the Gulf or that they described fixed-depth parcels ending landward of the beach. Because the record reasonably supports both inferences, the issue was for the factfinder and could not be resolved on summary judgment. *See Goswami v. Lennox Indus., Inc.*, 947 So. 2d 1221, 1223 (Fla. 1st DCA 2007) (reversing summary judgment when there was a conflict between contractual provisions and inferences drawn from other facts, holding that "such conflicts cannot be decided by summary judgment"); *Owens v. MacKenzie*, 103 So. 2d 677, 679 (Fla. 1st DCA 1958) (holding that when the essential inquiry concerns the parties' intent and the evidence is susceptible of differing interpretations, it should be resolved at trial and not by summary judgment); *Pitts v. Fox*, 591 So. 2d 1042, 1043 (Fla. 1st DCA 1991) (reversing summary judgment when there was a genuine dispute over the intent of the parties created by language in the appellees' chain of title that was not included in their deed); *and see Marlowe v. City of St. Augustine*, 369 So. 3d 356, 366–67 (Fla. 5th DCA 2023) (reversing summary judgment when conflicting historical evidence created genuine factual disputes over whether the property was originally waterfront and over the location of the water boundary).

## IV

We do not decide whether Appellees ultimately will be able to prove that their parcels extend to the Gulf or that they possess littoral rights as a result. We hold only that this record did not permit that issue to be resolved on summary judgment. The final summary judgment is therefore reversed, and the cause is remanded for further proceedings. In light of that disposition, we do not reach the remaining issues raised on appeal.

REVERSED and REMANDED.

ROWE and LONG, JJ., concur.

―――――――――――――――――――

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

―――――――――――――――――――

Michael J. Henry, Robert L. Kauffman, and Kayla M. Scarpone of Dunlap & Shipman, P.A., Santa Rosa Beach; Mark A. McCarty of Alston & Bird LLP, pro hac vice, Atlanta, GA, for Appellant.

D. Kent Safriet and Valerie L. Chartier-Hogancamp of Holtzman Vogel Baran Torchinsky & Josefiak PLLC, Tallahassee, for Appellees Breen Realty LTD LP, Eric and Deborah Wilhelm Revocable Trust, John and Mary Howard, Vicki L. Inman, John K. Chandler as Trustee of the John K. Chandler Revocable Trust, Marion Ruckel Skalicky, Stephen & Rhonda Ruckel Revocable Trust, Sharon Joyce Ruckel, and Philip Bond Ruckel.

Peter Ticktin, Ryan Fojo, and Brent Day of The Ticktin Law Group, Deerfield Beach, for Appellee BLB Beach Hut, LLC.